■ JOSEPH R. TONKERY, Respondent, v VINCENT J. MARTINA, Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The parties entered into an agreement under which plaintiff was granted an option for a three-year period to purchase a parcel of land owned by defendant at a price "equal to that offered by any bona fide third party purchaser" or a price to be determined by an appraisal method. At a bench trial of this action by plaintiff for specific performance, Supreme Court ruled that the price term of the option agreement was sufficiently definite, and concluded that the fair market value of the property at the time plaintiff exercised the option was $8,990. We agree.

The lack of a dollar figure or computational formula in the option agreement does not necessarily render the price term indefinite. "Where at the time of agreement the parties have manifested their intent to be bound, a price term may be sufficiently definite if the amount can be determined objectively without the need for new expressions by the parties" *(Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 483). Here, the parties obviously intended that the purchase price would be the fair market value of the parcel as established by either a bona fide purchase offer or by appraisal. We find that, in either event, the purchase price

would be "the end product of agreement between the parties themselves" *(Martin Delicatessen v Schumacher,* 52 NY2d 105, 110). In the absence of an offer by a bona fide third-party purchaser, and upon the failure of the appraisers selected by the parties to agree upon a third appraiser in accordance with the contract, the court had the authority to make the finding of fair market value in order to carry out the intention of the parties *(see, Matter of Fletcher,* 237 NY 440, 449).

The court erred, however, in obligating defendant to pay rent to plaintiff for a nine-month period during which an earlier appeal was pending before this court. That obligation was set forth in a prior letter decision of the court and was conditional upon the grant of a stay and posting of an undertaking. No stay was granted, no undertaking was posted, and the letter decision was never reduced to an order. Under the circumstances, there was no authority for the imposition of a rent obligation, and the judgment is modified to delete that requirement. (Appeal from judgment of Supreme Court, Steuben County, Scudder, J.—specific performance.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.