■ VILLAGE OF LANSING, Respondent, v TRIPHAMMER DEVELOPMENT COMPANY, INC., Appellant. [597 NYS2d 766] —Crew III, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered May 13, 1992 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant is the owner of Triphammer Mall located on North Triphammer Road in the Village of Lansing, Tompkins County. In early 1987, defendant sought and obtained approval from plaintiff's Board of Trustees to make certain improvements to defendant's property, including work on the entrance to its shopping center. During this same time period, plaintiff was in the process of soliciting bids for construction work to improve Triphammer Road, which is adjacent to defendant's shopping center.

Although the parties dispute exactly what transpired, it appears that the parties initially agreed to consolidate the two projects, with each party assuming responsibility for the costs allocable to it. Following two unsuccessful attempts to obtain bids for the project, plaintiff finally awarded the project to a contractor in February 1989. After work began on defendant's property, defendant's secretary sent a letter to plaintiff wherein he indicated that it was his understanding that defendant would not be back-charged for the construction work done at the mall entrance. The construction work was subsequently completed, and plaintiff thereafter attempted to

obtain payment for the portion of the work done on defendant's property. When defendant failed to tender payment, plaintiff commenced this action sounding in breach of contract and quantum meruit seeking, *inter alia,* $55,600.67 for the cost of the construction work performed on defendant's property.

Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the grounds that, *inter alia,* plaintiff lacked the authority to commence a direct civil action against defendant and that no valid contract existed between the parties. Supreme Court denied defendant's motion and this appeal followed.

Initially, we reject defendant's assertion that plaintiff lacks the authority to commence and maintain this action. Such authority plainly is in Village Law § 1-102 (5), which provides that a village shall have the power "[t]o contract and be contracted with, to sue and be sued, to complain and defend and to institute, prosecute, maintain, defend and intervene in, any action or proceeding in any court". We similarly reject defendant's claim that plaintiff may only recover for the cost of the improvements to defendant's property by way of a special assessment; neither Village Law § 4-414 nor § 6-622 applies to the circumstances present here.\*

Defendant next contends that no valid contract existed between the parties because the price term was too indefinite. We cannot agree. It is well settled that the price to be paid under a contract is a material term *(see, e.g., Central Fed. Sav. v National Westminster Bank,* 176 AD2d 131, 133), and "[i]f an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" *(Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 482, *cert denied* 498 US 816). It is equally well settled, however, that "a price term is not necessarily indefinite because the agreement fails to specify a dollar figure, or leaves fixing the amount for the future, or contains no computational formula" *(supra,* at 483). Rather, "a price term may be sufficiently

---

\* Village Law § 4-414 provides that where a property owner is required by a general, special or local law to improve or perform work on his or her property and fails to do so, the village board of trustees may cause such work to be performed and then assess and collect the costs accordingly. Defendant was under no such obligation here. Village Law § 6-622, which concerns the grading, paving or repaving of village streets and provides for the assessment of costs incurred upon adjoining property owners, is equally inapplicable as there is no indication that defendant was billed for any costs except those attributable to improvements on its own property.

definite if the amount can be determined objectively without the need for new expressions by the parties" *(supra,* at 483). For example, it would be sufficient if the methodology for computing the price could be found within the four corners of the agreement or could be "ascertained by reference to an extrinsic event, commercial practice or trade usage" *(supra,* at 483; *see, Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.,* 78 NY2d 88, 91-92; *Tonkery v Martina,* 167 AD2d 860, *affd* 78 NY2d 893). Here, the record plainly reveals that a question of fact exists regarding whether defendant agreed to pay for the work performed on its property and, assuming that plaintiff prevails at trial, defendant's share of the overall construction costs could readily be determined by the contractor who performed the work. Accordingly, the alleged contract does not fail for lack of a definite price term.

Finally, even assuming that plaintiff's Mayor was required to seek the approval of plaintiff's Board of Trustees prior to entering into the alleged contract with defendant *(see,* Village Law § 4-412 [1]), plaintiff has tendered sufficient proof to raise a question of fact as to whether the Board of Trustees ratified the Mayor's actions in this regard *(see generally, Leasing Serv. Corp. v Vita Italian Rest.,* 171 AD2d 926, 927; 57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 76, at 107-109). Defendant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.