■ In the Matter of LUTHERAN CHURCH OF OUR SAVIOR, Appellant. HUDSON TEMPLE CHURCH OF GOD IN CHRIST, Respondent. [736 NYS2d 276] —In a proceeding pursuant to Religious Corporations Law § 12 and Not-For-Profit Corporation Law § 511 for leave to sell real property owned by a religious corporation, the appeal is from an order of the Supreme Court, Kings County (Bernstein, J.), dated June 16, 2000, which, after a hearing, in effect, denied a motion to vacate a prior order of the same court, dated September 30, 1998, which granted the petition and authorized the sale, on the ground that the individuals who commenced the petition on behalf of the petitioner, Lutheran Church of Our Savior, were not authorized to do so.

Ordered that the order is affirmed, with costs.

It is well settled that where a case is tried without a jury, this Court's power to review the evidence "is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (*BGW Dev. Corp. v Mount Kisco Lodge No. 1552,* 247 AD2d 565, 567 [internal quotation marks omitted]). The trial court's determination will not be disturbed unless its conclusions could not be reached under a fair interpretation of the evidence (*see, BGW Dev. Corp. v Mount Kisco Lodge No. 1552,*

*supra; Matter of Ingargiola,* 212 AD2d 789). The Supreme Court's determination that the individual members of the petitioner, Lutheran Church of Our Savior, who commenced this proceeding to sell real property. to the respondent were duly-appointed trustees of the petitioner is supported by a fair interpretation of the evidence. Feuerstein, J.P., Krausman, Friedmann and Schmidt, JJ., concur.