■ In the Matter of BRIDGE TO SPIRITUAL FREEDOM, INC., Respondent. ANGELA CUBIDES et al., Appellants. (Matter No. 1.) ANGELA CUBIDES et al., Appellants, v BRIDGE TO SPIRITUAL FREEDOM, INC., et al., Respondents. (Matter No. 2.) [759 NYS2d 328] —In a proceeding pursuant to Not-For-Profit Corporation Law § 511 for leave to sell real property owned by a religious corporation, and an action, inter alia, to recover damages for the misappropriation of money and property, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Seidell, J.), dated October 5, 2001, which, after a nonjury trial, granted the petition in Matter No. 1 and granted the motion for summary judgment dismissing the complaint in Matter No. 2. Justice Cozier has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order and judgment is affirmed, with costs.

Where a case is tried without a jury, this Court's power to review the evidence "is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (*Matter of Lutheran Church of Our Savior,* 290 AD2d 509 [2002] [internal quotation marks omitted]; *see BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.,* 247 AD2d 565, 567 [1998]). The trial court's determination will not be disturbed unless its conclusions could not be reached under a fair interpretation of the evidence (*see Matter of Lutheran Church of Our Savior, supra; BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am., supra; Matter of Ingargiola,* 212 AD2d 789, 790 [1995]). The Supreme Court's determination in Matter No. 1 that the appellants were not members of the respondent Bridge to Spiritual Freedom, Inc. (hereinafter Bridge), is supported by a fair interpretation of the evidence presented at trial. They, therefore, could not object to the sale of the subject property because they lacked standing (*see* N-PCL 510 [a] [1]; *Matter of Lutheran Church of Our Savior, supra*). In Matter No. 1 the Supreme Court properly granted the petition to sell the subject real property (*see* N-PCL 511; Wyckoff, Practice Commentaries, McKinney's Cons Laws of NY, Book 37, Not-For-Profit Corporation Law § 511, at 165-166; *cf. Levovitz v Yeshiva Beth Henoch,* 120 AD2d 289, 297 [1986]; *Church of God Prospect Plaza v Fourth Church of*

*Christ, Scientist, of Brooklyn,* 76 AD2d 712, 717 [1980], *affd* 54 NY2d 742 [1981]).

The Supreme Court properly determined that since the appellants were not members of Bridge they could not maintain their action in Matter No. 2.

In light of our determination, the appellants' remaining contentions are academic. Florio, J.P., Adams, Crane and Cozier, JJ., concur.