■ CONGREGATION ATZEI CHAIM, Respondent-Appellant, v 26 ADAR N.B. CORP. et al., Appellants-Respondents, et al., Defendants. [811 NYS2d 749]—

In an action to foreclose a mortgage, the defendants 26 Adar N.B. Corp. and Nachman Brach appeal from so much of an order of the Supreme Court, Kings County (Jones, J.), dated July 13, 2004, as denied their motion to dismiss the complaint, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the defense based on Judiciary Law § 489 (1).

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the cross motion which was for summary judgment dismissing the defense based on Judiciary Law § 489 (1) is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants 26 Adar N.B. Corp. (hereinafter Adar) and Nachman Brach contend that the former plaintiff, Congregation

Bais Rabbenu (hereinafter CBR), violated Not-For-Profit Corporation Law §§ 510 and 511 in transferring the subject mortgage to the plaintiff, Congregation Atzei Chaim, without obtaining court approval. The Supreme Court correctly determined that Adar and Brach lack standing to challenge the alleged statutory violation (*see Matter of Bridge to Spiritual Freedom*, 304 AD2d 574 [2003]; *Matter of Friends World Coll. v Nicklin*, 249 AD2d 393 [1998]).

The Supreme Court should have granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the defense based on Judiciary Law § 489 (1), which prohibits a corporation from taking an assignment of a "promissory note . . . or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon." The statute specifically exempts religious corporations from this prohibition, and there is no dispute that CBR is a religious corporation. The statute therefore does not apply to the assignment of the subject note and mortgage from CBR to the plaintiff.

In light of this determination, the parties' remaining contentions need not be reached. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.