■ UNILAND PARTNERSHIP OF DELAWARE L.P., as Successor by Merger to Uniland Development Company, Respondent, v BLUE CROSS OF WESTERN NEW YORK INC., et al., Appellants. [811 NYS2d 517]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered June 28, 2005 in a breach of contract action. The order, insofar as appealed from, denied defendants' motion to dismiss the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law with costs, defendants' motion is granted and the complaint is dismissed.

Memorandum: The parties entered into a lease agreement providing that defendants would lease property owned by plaintiff in the City of Buffalo for a term of 15 years and 6 months. Pursuant to the "Third Amendment to Lease," the parties agreed to extend the lease term to a specified date. On the date on which the "Third Amendment to Lease" was executed, the parties also entered into a letter agreement with respect to early termination of the lease by defendants and construction of a new facility for defendants by plaintiff. Plaintiff thereafter commenced this action alleging that defendants breached that part of the letter agreement granting plaintiff "the exclusive right and option to develop or acquire building facilities for [defendants] within the eight counties of Western New York."

Supreme Court erred in denying defendants' motion to dismiss the complaint. The letter agreement provides that development of building facilities by plaintiff for defendants "shall be at site (s) or location (s) mutually agreed upon by" the parties. Because the parties left for future negotiation an essential term, i.e., the location of the building facilities, their letter agreement is "a mere agreement to agree" and is thus unenforceable (*Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *see Bernstein v Felske*, 143 AD2d 863, 865 [1988]). In addition, the letter agreement provides that the parties shall enter into a lease agreement for the building facilities developed by plaintiff for defendants, but the letter agreement does not address the area to be leased, the duration of the lease, or the nature and cost of the development. In view of the fact that those material elements were either omitted or left for future negotiation, "the very indefiniteness of the [letter agreement] render[s] it impossible of enforcement" (*St. Regis Paper*

*Co. v Rayward*, 16 AD2d 130, 134 [1962], *affd* 12 NY2d 1033 [1963]; *see generally Durante Bros. Constr. Corp. v College Point Sports Assn.*, 207 AD2d 379, 380 [1994]). Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.