■ Jonathan S. Follender, Appellant, v Vincent W. Prior, Individually and as President and/or Officer of One Church Street Station Corporation, et al., Respondents. [881 NYS2d 238]—

Rose, J. Appeals (1) from an order of the Supreme Court (Garry, J.), entered December 14, 2007 in Delaware County, which, among other things, granted defendants' motion for summary judgment dismissing the amended complaint, and (2) from an order of said court, entered July 22, 2008, which, upon reargument, adhered to its prior order.

Plaintiff commenced this action for specific performance alleging that defendants Vincent W. Prior, Nancy Prior and One Church Street Station Corporation breached a letter agreement granting him an option to purchase the real property where he and the Priors had law offices. The property is owned by One Church Street which, in turn, is owned by the Priors, but only the Priors signed the letter agreement. Defendants moved for dismissal of the amended complaint pursuant to CPLR 3212, asserting that the purchase option is not enforceable because, among other things, several material terms were left for further negotiation. Supreme Court granted defendants' motion and awarded them a money judgment on their counterclaim for arrears in rent. Thereafter, the court effectively granted reargument by thoroughly reviewing the merits of plaintiff's contentions, but adhered to its original determination. Plaintiff appeals.

We affirm because the omission of several material terms demonstrates that there was no final meeting of the parties' minds as to the purchase option. "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999] [citation omitted]). The letter agreement comprises six paragraphs which list four discrete rights and obligations of plaintiff regarding the rental of office space, an option to purchase, a right of first refusal on a parking lot and the payment of $25,000 to Vincent Prior for his share of certain legal fees. The parties' understanding that these terms were subject to further agreement and not interrelated is reflected in the final paragraph which states that the parties would later sign "a more formal document on each of the above matters." In addition, the letter agreement fails to state the consideration for the purchase option, the identity of the owner of the property—even though it was known to the parties—or the term of

defendants' lease upon exercise of the option. The letter agreement's use of the future tense, its final paragraph, and the inconsistencies between it and subsequent drafts further show that it was merely an agreement to agree (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 90-92 [1991]; *Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 985 [2006]; *Venture Mfg. [Singapore] v Matco Group*, 6 AD3d 850, 851 [2004]).

We also are unpersuaded by plaintiff's alternate argument that, if there were no enforceable purchase option, then defendants would be unjustly enriched by his payment of $25,000. That payment was made pursuant to the letter agreement's unrelated provision regarding Vincent Prior's claim to a share of certain legal fees. Since plaintiff failed to raise a question of fact as to his independent obligation to share fees with Vincent Prior, there is no support for his claim that retention of the payment would be unjust.

Peters, J.P., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.