■ FREDERICK B. WILSON, Appellant, v R. PATRICK LEDGER et al., Respondents. [949 NYS2d 515]—

Peters, P.J. 

Defendant R. Patrick Ledger entered into a contract with plaintiff for the purchase of an approximately 26-acre parcel of real property located in the Village of Lake Placid, Essex County for $450,000. The terms of the contract called for Ledger to pay $50,000 towards the purchase price at closing, with the balance to be paid pursuant to two separate notes and mortgages. The first note and mortgage was in the principal amount of $150,000, bore interest at a rate of 6% per annum and provided for payment in two equal annual installments. The second note and mortgage was in the principal amount of $250,000 and provided that the debt would be paid by (1) Ledger's construction and conveyance of a 3,100 square foot single-family residence for plaintiff on an undesignated and undefined portion of the property pursuant to plans and specifications to be thereafter agreed upon by the parties, with such property and residence to be conveyed to plaintiff within 48 months of the date of the mortgage, and (2) granting plaintiff the right to have possession of the first townhouse constructed by Ledger on the property no later than 30 months from the date of the mortgage and continuing until a certificate of occupancy is issued for the single family residence.

Ledger made both installment payments under the first mortgage but, following several discussions, he and plaintiff could not agree on the location and size of the lot nor the plans and specifications for the residence to be constructed.* After refusing several offers by Ledger to satisfy the note by payment of $250,000, plaintiff filed a notice of pendency on the property and commenced the instant action. By amended complaint, plaintiff sought to foreclose on the mortgage and recover lost rental income, as well as other costs and fees. After issue was joined, defendants paid into court the full amount owed to plaintiff under the note and mortgage, and Supreme Court

---

* In May 2004, Ledger conveyed the property to defendant Lake Placid Builders' Group, LLC in exchange for a 50% ownership interest in the corporation. Thereafter, defendant Karsten Moller provided Lake Placid Builders' Group, LLC with a commercial loan in the amount of $500,000, which was secured by a mortgage on the property.

(Dawson, J.) granted their motion to dismiss plaintiff's mortgage foreclosure claim pursuant to RPAPL 1341 (1). Subsequent decisions and orders directed the payment out of court of the amount due plaintiff under the note and mortgage and that the mortgage be discharged pursuant to RPAPL 1921. Plaintiff did not appeal any of these orders.

Following the completion of discovery, defendants moved for summary judgment dismissing the remaining causes of action. Finding that the provisions of the note and mortgage regarding the construction of the single family house constituted an unenforceable agreement to agree, Supreme Court (Meyer, J.) granted defendants' motion and dismissed the complaint. Plaintiff appeals, and we affirm.

" 'It is well settled that a contract must be definite in its material terms in order to be enforceable' " (*Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 985 [2006], quoting *Spectrum Research Corp. v Interscience, Inc.*, 242 AD2d 810, 811 [1997] [citations omitted]; *see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482 [1989], *cert denied* 498 US 816 [1990]). In other words, before a plaintiff may obtain redress for the breach of an agreement, the promise made must be sufficiently certain so that the parties' intentions are ascertainable. Thus, an agreement to agree, in which material terms are left for future negotiation, is unenforceable (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]; *Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d at 985).

Here, as Supreme Court correctly found, the plans and specifications for the single family residence to be constructed, as well as the size and location of the lot upon which such residence would be built and conveyed to plaintiff, were essential terms to the note and mortgage inasmuch as they represented the manner of repayment of the $250,000 debt. The parties, however, left these material terms for future negotiation and agreement and failed to set forth in the documents any objective method for supplying those missing terms, resulting in only an unenforceable agreement to agree (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d at 111; *Follender v Prior*, 63 AD3d 1458, 1459 [2009]; *Uniland Partnership of Del. L.P. v Blue Cross of W. N.Y. Inc.*, 27 AD3d 1131, 1132 [2006], *lv denied* 7 NY3d 713 [2006]; *see also Marder's Nurseries v Hopping*, 171 AD2d 63, 69 [1991], *lv denied* 79 NY2d 757 [1992]). Thus, as there was no meeting of the minds regarding the material terms of the house to be constructed, plaintiff's claims for consequen-

tial damages and fees stemming from the alleged breach were properly dismissed (*see Wild v Hayes*, 68 AD3d 1412, 1414 [2009]; *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d at 985-986).

The parties' remaining contentions have either been rendered academic in light of our determination, are not properly before us or have been reviewed and found to be lacking in merit.

Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.