McCarthy, J.P.
Appeal from an order of the Surrogate’s Court of Ulster County (Work, S.), entered March 6, 2014, which, in a proceeding pursuant to SCPA 2103, granted respondent’s motion for summary judgment dismissing the petition.
In 1982, Judith R. Wyman (hereinafter decedent) and respondent purchased an improved parcel of real property located in the Town of Shandaken, Ulster County. After decedent’s death in 2012, petitioner, the executor of decedent’s estate, commenced this proceeding seeking to compel respondent to turn over that parcel to the estate. Subsequently, respondent moved for summary judgment dismissing the petition, arguing that he owned the entire property based on the fact that he and decedent had owned the property as joint tenants with rights of survivorship. Surrogate’s Court granted respondent’s motion and dismissed the petition. Petitioner appeals, and we affirm.
Petitioner contends that Surrogate’s Court erred in granting summary judgment to respondent because a series of emails between decedent and respondent amounted to an enforceable contract that, pursuant to Real Property Law § 240-c (3) (a), severed the joint tenancy. We disagree. In moving for summary judgment, respondent relied on the submissions that petitioner had made along with her petition, including the 1982 deed transferring the property to decedent and respondent as joint tenants with rights of survivorship and the later email correspondences between the two regarding the parcel. Petitioner does not dispute that the 1982 deed conveyed the parcel to decedent and respondent as joint tenants with rights of survivorship. Accordingly, the only dispute is whether later email correspondence between decedent and respondent amounted to an enforceable written agreement to sever that joint tenancy by transferring sole ownership of the parcel to decedent.
Real Property Law § 240-c (3) (a) allows for the severance of a joint tenancy “pursuant to a written agreement of all joint tenants.” However, “a contract must be definite in its material terms in order to be enforceable” (Wilson v Ledger, 97 AD3d 1028, 1029 [2012] [internal quotation marks and citations omitted]). For this reason, an agreement to agree, where such terms are left to future negotiations, is unenforceable (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91 [1991]; Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]).
Turning to the email correspondence, in 2008, decedent stated that she “would love to have the house put in [her] name *1159 only” and asked respondent to tell her “what [he thought] would be a fair settlement” between them. Respondent answered decedent by asking her to “put on the table what [she thought] was fair as a place to start [the] conversation.” More than two years later, decedent wrote to respondent explaining that “it really [was] time for [her and respondent] to figure out a fair process to have the deed in [her] name,” and respondent replied that he was “fine with getting the deed sorted out.” In later correspondence, respondent indicated to decedent that his wife was having health problems, which prompted decedent to reply that they would “talk about the deed when things ease[d] up.”
Considering the entirety of this correspondence regarding the deed, there is, as a matter of law, no enforceable agreement that transferred the parcel to decedent’s sole ownership. Even assuming that the correspondence, when viewed in the light most favorable to petitioner, evinces decedent and respondent’s agreement to transfer the property to decedent’s sole ownership, the material term of the consideration in exchange for such a transfer was left for future negotiation. Because the correspondence does not contain any agreement as to price — or any agreement as to how to determine same — it failed to set forth “any objective method for supplying th[at] missing term[ ]” (Wilson v Ledger, 97 AD3d at 1029; see generally Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d at 109). Accordingly, there was no enforceable agreement to transfer ownership of the property that would have severed the joint tenancy (see Wilson v Ledger, 97 AD3d at 1029; Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, 31 AD3d 983, 985 [2006]). Inasmuch as petitioner did not provide any evidence that the joint tenancy was severed in some other manner, Surrogate’s Court properly granted respondent’s motion for summary judgment dismissing the petition.
Egan Jr., Devine and Clark, JJ., concur. Ordered that the order is affirmed, with costs.