People v Delorbe (2018 NY Slip Op 06996)





People v Delorbe


2018 NY Slip Op 06996


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Moulton, JJ.


3929/11 7405 7404

[*1]The People of the State of New York, Respondent,
v
Jose Delorbe, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (David Bernstein and Robin Nichinsky of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered May 23, 2012, as amended June 14, 2012, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him to a prison term of five years, and order (same court and Justice), entered on or about July 27, 2016, denying defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant has not established that the narrow exception to the preservation requirement applies to his Peque claim
(see People v Peque, 22 NY3d 168 [2013], cert denied 574 US __, 135 S Ct 90 [2014]). Defendant was informed of his potential deportation by a notice of immigration consequences served upon him in the presence of his attorney over a year before the guilty plea (see e.g. People v Barry, 149 AD3d 494 [1st Dept 2017], lv denied 29 NY3d 1123 [2017]; People v Diakite, 135 AD3d 533 [1st Dept 2016], lv denied 27 AD3d 1131 [2016]), which gave him the opportunity to raise the issue. Review of defendant's unpreserved claim in the interest of justice is unwarranted.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]). Defendant alleged no facts to support his claim that had he known that his guilty plea could result in his deportation, he would not have pleaded guilty and instead would have proceeded to trial, and his conclusory allegations were insufficient to warrant a hearing (see CPL 440.30[4][b],[d]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK