◼ In the Matter of OAK BEACH INN CORP. et al., Respondents, v TOWN OF BABYLON et al., Appellants. (Action No. 1.) OAK BEACH INN CORP. et al., Respondents, v TOWN OF BABYLON et al., Appellants. (Action No. 2.)—In consolidated actions to recover damages for breach of a stipulation of settlement and for specific performance of the stipulation, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated April 29, 1988, as denied their motion to set aside the stipulation of settlement as void and for summary judgment dismissing the complaints.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 5, 1981, in open court, the parties entered into a stipulation of settlement with respect to seven pending actions. The instant actions were commenced in 1985 and 1986, respectively, for specific performance and damages arising from the alleged breach of the stipulation. The defendants moved for summary judgment setting aside the stipulation on the ground that certain of its terms were violative of the New York State Constitution, various statutes, and public policy.

The Supreme Court rejected the town's contentions and denied summary judgment.

We find that the terms of the subject stipulation of settlement did not exceed the town's constitutional or statutory authority, nor were they contrary to public policy. The stipulation of settlement included, *inter alia,* an option for the plaintiffs to purchase town-owned land upon which the Oak Beach Inn is located. Clearly the original Town Board exercised its independent judgment in agreeing to this settlement based upon a recognition of its value to the town and the public interest. While the town declined to set a specific selling price in the stipulation, the stipulation does contain a procedure by which the fair market value may be determined *(see, Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475; *Martin Delicatessen v Schumacher,* 52 NY2d 105, 110). Thus, there is no basis to conclude that such an arrangement constitutes an improper delegation of the town's authority to settle claims.

The stipulation also contained a provision that the town was to build a parking lot and that the Oak Beach Inn was to reimburse it for expenses. That provision did not constitute an unconstitutional pledge of the town's credit or a town undertaking for a private purpose *(see,* NY Const, art 8, § 1). The town will own and control the lot except that the Oak Beach Inn and its customers have a nonexclusive right to use the lot. The fact that the Oak Beach Inn was to reimburse the town for expenses is merely part of the *quid pro quo* and does not render the arrangement unconstitutional *(see, Matter of Waldo's, Inc. v Village of Johnson City,* 74 NY2d 718). Given the traffic problems attendant to inadequate parking facilities, the town properly exercised its governmental function in agreeing to provide more parking facilities *(see, Denihan Enters. v O'Dwyer,* 302 NY 451, 458; *Matter of Waldo's, Inc. v Village of Johnson City, supra).*

This court's decision in *Matter of Oak Beach v Lehman* (100 AD2d 906) does not preclude the town from complying with the stipulation. That decision merely remitted the question of a permit requirement to the State agency involved which then directed that an environmental impact study be undertaken. Even if the original site is ultimately deemed unavailable because of an adverse environmental impact, the stipulation allows for alternative locations.

We have considered the defendants' remaining contentions and find them to be without merit. Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.