■ In the Matter of JOHN SEIDEN et al., Appellants, v WYLLA FRANCIS, Doing Business as WYLLA's BAR, Respondent. —Harvey, J. Appeal from an order of the County Court of Clinton County (Lewis, J.), entered November 15, 1991, which, *inter alia,* in a proceeding pursuant to RPTL article 7, granted respondent's motion for summary judgment dismissing the petition.

On August 18, 1988 respondent, the sole proprietor of Wylla's Bar in the City of Plattsburgh, Clinton County, entered into a 35-month written lease with the former owners of the building which was to run from October 1, 1988 to August 31, 1991. The building was acquired by another owner who later sold it to petitioners in August 1990. Petitioners were not given a copy of respondent's lease prior to the sale even though they asked the former owners for a copy on more than one occasion. Nevertheless, petitioners did inform respondent prior to the closing that they wanted her to vacate the premises upon expiration of the lease term. According to petitioners, respondent indicated a willingness to go along with this plan. In June 1991, however, after the time petitioners closed on the building but before the expiration of respondent's lease term, respondent wrote to petitioners informing them that she was formally invoking a "renewal option and first refusal" clause contained in her lease and planned to renew her lease for another three years. This clause states, in relevant part, as follows: "Tenant shall have the right of renewal of this lease for another three year term under the same terms of this lease; with the exception of the monthly rental amount which both parties shall agree to negotiate no less than 90 days prior to the time of the lease's expiration. In

the event that said negotiations should fail to result in a mutually agreeable monthly rental amount; and landlord has received and intends to accept another offer from another party which would take effect no more than 30 days after the expiration of this lease; landlord agrees to make the same said offer to tenant, who shall reserve the right of first refusal under the amount and terms of said offer."

Thereafter, through their attorneys, the parties mentioned negotiations for a rental amount but no substantive negotiations apparently ever took place and the date set for expiration of the original lease came and went. Following expiration of the lease, petitioners commenced this summary proceeding seeking to evict respondent from the premises. Issue was joined and the parties cross-moved for summary judgment relief. County Court granted respondent's motion and dismissed the petition. Petitioners now appeal.

We reverse. Upon a review of the record and relevant law, we are persuaded that judgment should have been granted in petitioners' favor due to the indefiniteness of the lease renewal clause at issue. It is well settled that "a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (Martin Delicatessan v Schumacher, 52 NY2d 105, 109). This rule is particularly applicable when the rental or sale amount of real property is the missing term, as it is in the case at bar (see, supra, at 110). The unambiguous language of the renewal clause reveals that at the time the lease was originally entered into there was no agreement between the parties as to what rent would be appropriate if respondent chose to renew her lease. There was only an agreement to negotiate in the future. Unlike the situations in other cases where the four corners of the leases or contracts themselves contain a procedure whereby the missing term can be reasonably supplied (see, e.g., Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 92; Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483, cert denied 498 US 816; Matter of Oak Beach Inn Corp. v Town of Babylon, 162 AD2d 689, 690), in this case the lease contains no means whereby the rental amount "can be determined objectively without the need for new expressions by the parties" (Cobble Hill Nursing Home v Henry & Warren Corp., supra, at 483; see, Ashkenazi v Kelly, 157 AD2d 578, 579).*

---

* Notably, while the lease did mention what the parties should do in the event negotiations were unsuccessful and a third party offered an alternative rental, no mention was made as to what to do in a situation such as this one where the parties simply did not negotiate.

Consequently, because the renewal clause is too indefinite to be enforceable, petitioners should be granted a judgment awarding them possession of the premises and a warrant of eviction. We remit the matter to County Court for a determination as to the appropriate dates and the resolution of other details. A discussion of the parties' remaining arguments is unnecessary because they are either lacking in merit or have been rendered academic by our determination of this matter.

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, cross motion granted, summary judgment awarded to petitioners and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this court's decision.