■ DAVID VIPLER et al., Respondents-Appellants, v KAREN POLLIO, Individually and Doing Business as BRITTANY REALTY, Appellant-Respondent, et al., Defendant. [680 NYS2d 273] —Mercure, J. Cross appeals from a judgment of the Supreme Court (Fromer, J.H.O.), entered November 10, 1997 in Greene County, upon a decision of the court, *inter alia*, awarding damages to plaintiffs due to the misrepresentation of defendant Karen Pollio.

Defendants and plaintiffs own adjoining parcels of real property in the Town of Catskill, Greene County. Title to the re-

spective parcels derives from a common source,* and the location of each is established relative to a roadway constructed under a 1971 easement granted to American Telephone and Telegraph Company "to construct, operate and maintain a roadway suitable for vehicular traffic 20 feet wide" (hereinafter the driveway). The northerly edge of the driveway, which serves as the boundary line between the parties' parcels, was depicted on a 1985 survey performed by Santo Associates in connection with the conveyance to plaintiffs and later shown to be in the same location on a 1987 survey performed for defendants by Philip Massaro. The parties' ongoing dispute concerning the actual location of their common boundary line was exacerbated by the revelation that defendants owned and intended to remove a utility pole situated on their property which was used for electric service to plaintiffs' residence.

Plaintiffs commenced this action in 1991 seeking, *inter alia,* to establish the common boundary line and enjoin removal of the utility pole and also for an award of damages resulting from defendant Karen Pollio's alleged intentional misrepresentations concerning the status of the utility pole, made in connection with her service as the real estate broker who procured plaintiffs as the purchasers of their parcel. Following a nonjury trial, Supreme Court established the parties' common boundary line in accordance with the 1985 and 1987 surveys and awarded plaintiffs damages of $4,500 for the cost of installing above-ground electrical service as the result of Karen Pollio's "intentional misrepresentation as to the electrical power easement on her land while acting in a fiduciary capacity". The parties cross-appeal.

Initially, we reject plaintiffs' contention that Supreme Court erred in establishing the parties' common boundary line. A 1994 map prepared by Santo Associates was of no probative value as it was based on nothing more than Santo's understanding of the parties' agreement concerning the location of a proposed new boundary line. Notably, it was Santo's clear opinion that the 1985 survey relied upon by defendants was accurate and correctly fixed the northerly edge of the driveway as the parties' common boundary line. We are also unpersuaded by defendants' challenge to Supreme Court's finding that Karen Pollio misrepresented the status of the utility pole on defendants' property. "[A]lthough this Court may in a nonjury case

---

* Defendants purchased their property from Vincent Lamanuzzi and Josephine Lamanuzzi in 1972. Vincent Lamanuzzi died in 1984, and plaintiffs took title to their property in 1985 from Josephine Lamanuzzi as surviving tenant by the entirety.

'weigh the relative probative force of conflicting inferences that may be drawn from the testimony' * * * considerable deference will be given the credibility determinations of the trial court" (*Yoss v State of New York*, 241 AD2d 794, 795, quoting *Cordts v State of New York*, 125 AD2d 746, 749). The conflicting testimony of the two parties to the alleged conversation created a pure credibility issue that we are disinclined to disturb.

We are persuaded, however, by plaintiffs' contention that Supreme Court erred in failing to award prejudgment interest on their recovery against defendant. It is undisputed that plaintiffs paid to have electric service provided to their property on or about October 30, 1993 and that their damages were incurred on that date. Accordingly, plaintiffs were entitled to interest on their $4,500 money judgment from that date forward (CPLR 5001; *see,* CPLR 5002, 5003; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5001:1, at 357).

The parties' remaining arguments, including those advanced in support of Karen Pollio's motion to strike plaintiffs' brief and appendix, have been considered and found to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by awarding plaintiffs interest on their $4,500 recovery against defendant from October 30, 1993 at the rate of 9% per annum, and, as so modified, affirmed.