■ LESLIE CORNFELD, Respondent, v MICHAEL URFIRER, Appellant. [773 NYS2d 366]—

Order, Supreme Court, New York County (Judith Gische, J.), entered November 22, 2002, which, to the extent appealed from, denied defendant husband's application for a declaration that the equitable distribution of his deferred compensation and cash bonus paid in 2002 be calculated net of income taxes and the 4% charitable gift requirement imposed by his employer, and granted plaintiff wife summary judgment on this issue, directing defendant to pay her $153,321, unanimously affirmed, without costs. Order, same court and Justice, entered August 25, 2003, which, to the extent appealed from (a) denied defendant's reconciliation with respect to the parties' joint bank account and directed that plaintiff be permitted to conduct certain discovery, (b) enforced certain charitable contribution provisions concerning the Children's Defense Fund and The Dalton School while denying enforcement of such provisions with respect to Mount Sinai NYU Health or its affiliates and Harvard, failing to treat the latter as integrated obligations that should be either enforced or deemed jointly abandoned under the parties' June 2001 Agreement, and (c) denied defendant's

motion (i) to require plaintiff to make timely capital call payments, (ii) to permit defendant to take credits against future equitable distribution payments due plaintiff for any capital call payments he may make on her behalf, (iii) to require that defendant's transfer of certain transferable partnerships be conditioned on plaintiff's payment of past capital call payments, (iv) to direct that upon plaintiff's failure, after due notice, to make timely capital call payments for her share in certain nontransferable private equity partnerships, her interest in such nontransferable partnerships be abandoned, and (v) to require plaintiff to pay defendant $49,048 on account of capital call payments he made on her behalf, unanimously modified, on the law, to the extent of remanding for enforcement of article XII of the Agreement and for determination of an acceptable amount the parties must jointly contribute to the designated charities, and otherwise affirmed, without costs.

Except for defendant's deferred compensation for fiscal year 2001, paragraph 8.1 of the June 2001 Agreement precludes reduction of plaintiff's equitable share of defendant's deferred compensation by the mandatory 4% annual charitable donation required by his employer. Plaintiff was properly granted summary judgment on this issue, directing defendant to transfer $153,321 to her, as the amount he had set aside for her pro rata share of the charitable donation.

The IAS court also properly denied the relief requested by defendant with respect to plaintiff's failure to make her 50% portion of capital call payments to jointly owned investment partnerships. Paragraph 8.1 expressly provides that if either party fails to make a capital call, there will be a pro rata adjustment of that party's percentage interest in that particular partnership, based on his or her total contributions thereto.

We also decline to disturb the IAS court's order permitting plaintiff to obtain further discovery as to the parties' joint funds prior to accepting defendant's reconciliation pursuant to paragraph 8.9 of the Agreement. Defendant's reliance on paragraph 16.2 is misplaced because additional discovery was permitted for good cause shown, and he substantially delayed in providing a reconciliation.

As to the parties' joint charitable obligations, paragraph 12.1 of the Agreement calls for matching contributions to designated charities. Defendant pointed out that plaintiff had demanded he match her $12,500 charitable contribution to the Children's Defense Fund, where she sat on the Board of Directors, while refusing to make a matching contribution to Mount Sinai NYU Health, where he sat on the Board. Defendant accordingly

requested an order declaring either that the charitable contribution arrangements in article XII be nullified so that each party could contribute as he or she wished, or that each party make designated contributions as determined by the court. The IAS court erred in holding that article XII constituted an unenforceable agreement to agree, for failure to specify the amounts to be contributed to individual charities, and that the court lacked authority to order the parties to make these contributions. One of the recitals in the preamble to the Agreement provides that where the parties cannot settle financial issues under this or further agreements, those issues will be resolved by the Supreme Court in connection with the proceeding to dissolve the marriage. The court's disposition on this issue, finding only a few of the matching charitable donation requirements unenforceable, ignores the fact that the first sentence of paragraph 12.1 lumps together several charities toward which the parties will "jointly determine the appropriate reasonable amount and contribute equally on an annual basis." The fact that the Agreement did not set forth a specific amount that the parties had to contribute to each designated charity did not render those provisions unenforceable agreements to agree, where the parties clearly contemplated that the court would resolve remaining financial issues (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88 [1991]). The amount to be contributed jointly by the parties to Mount Sinai NYU Health and Harvard should be addressed by the IAS court, and the matter is remanded accordingly. Concur—Andrias, J.P., Saxe, Sullivan and Gonzalez, JJ.