■ SUBCARRIER COMMUNICATIONS, INC., Respondent, v SATRA REALTY, LLC, Appellant. [785 NYS2d 545]—

Peters, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered October 23, 2002 in Broome County, which, inter alia, granted plaintiff's motion for summary judgment declaring the lease agreement enforceable.

In January 1997, plaintiff, engaged in procuring building and tower sites on behalf of telecommunications companies, entered into a five-year lease with Bank Hapoalim, the former owner of a building located in the City of Binghamton, Broome County. Plaintiff acquired the right to use a portion of the building's rooftop and designated interior space for the purpose of installing, maintaining and operating antennas for its telecommunications customers; the annual rent was $1,200. By letter dated May 18, 2001, plaintiff requested access to the building in order to repair its equipment. Defendant refused and served plaintiff with a 10-day notice of default alleging, among other things, that the lease was unconscionable.

Plaintiff commenced this action seeking specific performance of the lease and a declaration that it was valid and binding. After defendant answered and asserted a counterclaim, plaintiff exercised its option to renew for an additional five-year term pursuant to the renewal clause in the lease, which states as follows: "This Agreement shall be in effect for a term of five (5) years commencing upon construction of [plaintiff's] first customer and terminating five (5) years later. Term shall begin February 1, 1997 and expire on February 1, 2002, with two, five year renewal options." With it undisputed that plaintiff timely exercised its option to renew, defendant nonetheless directed plaintiff to vacate the building. Thereafter, plaintiff was notified that the rent for the first five-year renewal period would be substantially increased. Plaintiff paid the original rent and subsequently moved, by order to show cause, to enjoin defendant from taking any action to terminate the lease. Plaintiff also sought summary judgment regarding the enforceability of the lease, its proper renewal and the rental amount. Defendant cross-moved for, among other things, summary judgment and a declaration that the renewal provision was invalid and unenforceable. Supreme Court found, among other things, that plaintiff had a right to two five-year renewal options at the rent fixed by the original lease. Defendant appeals and we affirm.

While it is clear that an indefinite renewal provision in a lease will render it void and unenforceable (see Martin Delicatessen v Schumacher, 52 NY2d 105, 109-110 [1981]; Tracy v Albany Exch. Co., 7 NY 472, 474 [1852]; Matter of Seiden v Francis, 184 AD2d 904, 905 [1992]), the definiteness doctrine is not applied

rigidly. "Contracting parties are often imprecise in their use of language, which is, after all, fluid and often susceptible to different and equally plausible interpretations. Imperfect expression does not necessarily indicate that the parties to an agreement did not intend to form a binding contract. A strict application of the definiteness doctrine could actually defeat the underlying expectations of the contracting parties" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]). Here, the original term of the lease was for a five-year period "with two, five year renewal options." It specified that the $1,200 annual rent shall be "for and during the term hereof" with no further mention of rent for any renewal periods. Had the covenant to renew detailed that the rent for each or all of the renewal periods would be an amount to be agreed upon in the future, we would find the provision void for uncertainty (*see Martin Delicatessen v Schumacher, supra* at 109-110; *Tracy v Albany Exch. Co., supra* at 474; *Matter of Seiden v Francis, supra* at 904-905). However, where, as here, the material term, to wit, the rental amount, has not been left open for future negotiations, case law has established that it will be on the terms of the original lease (*see Tracy v Albany Exch. Co., supra*; *Hoff v Royal Metal Furniture Co.*, 117 App Div 884, 885 [1907], *affd* 189 NY 555 [1907]; *Western N.Y. & Pennsylvania Ry. Co. v Rea*, 83 App Div 576, 581 [1903]; *compare Martin Delicatessen v Schumacher, supra* at 109-111; *Matter of Seiden v Francis, supra* at 905-906). With no other viable interpretation proffered by defendant, we affirm.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.