OPINION OF THE COURT
Per Curiam.
Order dated July 23, 2004 affirmed, with $10 costs.
In its May 20, 2004 order, Civil Court granted summary judgment to the respondent subtenant dismissing petitioner’s commercial holdover proceeding. The court found that an enforceable five-year sublease renewal existed between the parties, but did not address the issue of the amount of rent intended during the renewal term. Instead of appealing that order, petitioner moved to reargue, seeking, inter alla, clarification as to the monthly rent for the renewal period. Upon reargument, the court directed a hearing to determine the appropriate rent. On appeal from that ruling, the subtenant now contends that since the sublease made no specific provision for the amount of rent during the renewal term, it should be the same as in the original lease.
“To be valid and enforceable, a covenant for renewal must either be reasonably definite and certain as to the term and the rent, or must contain a definite method whereby such term and rent may be determined” (1 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 11:11, at 472 [4th ed]). Contrary to the subtenant’s contention, the two orders issued below, when fairly interpreted together, appropriately construed the sublease renewal option to include a fair market rent requirement. The March 1994 sublease incorporated by reference the provisions of the then existing main lease, paragraph 37 of which offered a renewal option for a specified duration so long as the annual rent for each additional year was “at fair market value as reasonably determined by the Landlord.” The fair market rent contemplated was sufficiently definite and readily ascertainable by objective means (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88 [1991]; Northrup v Hushard, 129 AD2d 1005 [1987]), warranting the hearing directed by the court below (see Tai on Luck Corp. v Cirota, 35 AD2d 380 [1970], ap *106 peal dismissed 29 NY2d 747 [1971]). Adoption of the subtenant’s argument that the last rental amount ($4,850 per month) of the 10-year sublease term that expired in February 2004 was intended to continue through the entirety of the subsequent renewal term would not accord a fair and reasonable meaning to the words of the parties’ contract (see Sunrise Mall Assoc. v Import Alley of Sunrise Mall, 211 AD2d 711 [1995]; cf. Subcarrier Communications, Inc. v Satra Realty, LLC, 11 AD3d 829 [2004]).
Suarez, EJ., Davis and Schoenfeld, JJ., concur.