■ JOYCE I. SAMONEK, Respondent, v CHRISTOPHER S. PRATT et al., Appellants. [976 NYS2d 324]—

Stein, J. Appeal from an order of the Supreme Court (Muller, J.), entered January 25, 2013 in Clinton County, which, among other things, granted plaintiff's motion to enforce a prior stipulation of settlement between the parties.

The parties own adjacent parcels of property located in the Town of Chazy, Clinton County. Disputes arose between them regarding a 15-foot wide strip of land that runs along the northerly boundary of plaintiff's property and includes a gravel driveway,[1] as well as a grassy area between plaintiff's home and the driveway. Specifically, defendants disputed plaintiff's claim of ownership of the grassy area, prompting them to hire a land surveyor who performed a survey (hereinafter the Lashway survey), and to install a wooden fence along the property line between plaintiff's home and the grassy area. Plaintiff then commenced this action seeking, among other things, to quiet title to the disputed grassy area. Defendants answered the complaint and asserted a counterclaim for trespass. The parties thereafter entered into a stipulation of settlement on the record in open court. In short, the agreement provided that the boundary line between their properties would be set by the terms of the Lashway survey, and defendants would grant plaintiff perpetual easements to use the gravel driveway to access her property and to maintain the disputed grassy area. In consideration

---

1. The driveway allows ingress and egress to, among other things, defendants' home and provides plaintiff with access to a carriage house located on her property.

therefor, plaintiff agreed to pay $4,500 to defendants. Additionally, the stipulation required defendants to remove the wooden fence.[2]

Defendants thereafter removed a portion of the fence as called for in the stipulation. However, the parties could not agree on the dimensions of plaintiff's easement pertaining to the disputed grassy area. After subsequent negotiations between the parties failed, defendants reinstalled the wooden fence. Consequently, plaintiff filed an application seeking, among other things, enforcement of the stipulation by requiring defendants to remove the fence and imposition of a linear measurement with respect to the width of the disputed area. Supreme Court granted plaintiff's motion, ordered defendants to remove the fence and established the width of the disputed area to be five feet. Defendants appeal and, for the reasons set forth below, we modify Supreme Court's order.

It is well recognized that "[o]pen court stipulations of settlement are highly favored, binding on the parties and strictly enforced, and generally will not be cast aside absent a showing of fraud, collusion, mistake or accident" (*Liquori v Liquori*, 106 AD3d 1249, 1250 [2013] [internal quotation marks and citation omitted]; *see Matter of McLaughlin*, 97 AD3d 1051, 1052-1053 [2012]). Like any contract, such a stipulation will be enforced so long as it is sufficiently definite in its material terms so as to enable a court "to determine what in fact the parties have agreed to" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]; *see Wilson v Ledger*, 97 AD3d 1028, 1029 [2012]). Here, the identification of the disputed area is clearly a material term of the parties' agreement. While the stipulation did not set forth a linear measurement of its width, we are satisfied that the parties' intent is sufficiently ascertainable so as to permit its enforcement,[3] as the parties explicitly agreed that plaintiff would have an easement to "maintain a vegetative area located between the existing gravel driveway and a common boundary" as set forth in the Lashway survey. Thus, it is the Lashway survey that defines the disputed area, which should be capable of measurement by the parties.[4] However, by injecting a term into the stipulation to which the

---

**2.** The stipulation also contemplated the execution of various written documents in furtherance thereof.

**3.** Indeed, neither party argues that the stipulation is unenforceable. Rather, defendants' challenge is limited to that part of the order that established the five-foot linear measurement.

**4.** It is evident that the distance between the edge of the driveway and the boundary line is not constant for the entire length of the driveway. To the extent that plaintiff alleges that defendants have widened the driveway by

parties did not agree—namely a five-foot linear measurement—Supreme Court impermissibly extended the scope of the stipulation. As a result, that part of the court's order must be vacated.

Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed a five-foot linear measurement on the disputed easement area; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

repeatedly driving over the grassy area, we need only note that, in accordance with the stipulation, the width of the grassy area must be determined as it existed at the time the Lashway survey was completed.