# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

239
CA 16-01305
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

DANIELLE N. CARR AND MATTHEW G. NAUSE,
PLAINTIFFS-RESPONDENTS,

                          V                          MEMORANDUM AND ORDER

CHRISTOPHER F. SHEEHAN AND BLAKE ANN SHEEHAN,
DEFENDANTS-APPELLANTS.

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (TIMOTHY J. FENNELL OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (DAVID B. GEURTSEN OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

-------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oswego County (Norman
W. Seiter, Jr., J.), entered October 9, 2015. The order granted the
motion of plaintiffs to enforce a settlement agreement.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter
alia, a declaration that they held a prescriptive easement over
defendants' property for parking purposes. On the day scheduled for
trial, the parties reached a settlement agreement that was placed on
the record. Pursuant to the stipulation, defendants agreed to convey
the northern portion of their parcel to plaintiffs. The parties
identified the boundaries using a survey, but they agreed to meet with
a surveyor at the property to provide exact measurements. Defendants'
attorney described the southern boundary by referring to a surveyor's
pin at the northeastern corner of the parcel and stating that the line
would run perpendicular to the adjacent road. He stated that the
surveyor was needed to draw the boundary line such that the area was
wide enough between that line and defendants' garage to enable
defendants to move their boat and trailer. Defendants' attorney
stated that "[a]s long as [defendants] have the ability to do that . .
. [the stipulation] was acceptable to them." Two months later, the
parties and their attorneys met at the site and determined that
defendants' boat and trailer measured eight feet in width, but
defendants rejected the proposed boundary line. Plaintiffs obtained a
survey map and legal description from the surveyor, which drew the
boundary line such that there was 10 feet of space between the
boundary line and defendants' garage. When defendants still refused
to convey the property, plaintiffs moved to enforce the stipulation

and compel defendants to convey the northern parcel to plaintiffs. Supreme Court granted the motion, and defendants now appeal.

"It is well settled that '[a]n oral stipulation of settlement that is made in open court and stenographically recorded is enforceable as a contract and is governed by general contract principles for its interpretation and effect' " (*Gay v Gay*, 118 AD3d 1331, 1332, *lv dismissed* 25 NY3d 1015; *see Walker v Walker*, 42 AD3d 928, 928, *lv dismissed* 9 NY3d 947).  We reject defendants' contention that the stipulation was simply "an agreement to agree."  "If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482, *rearg denied* 75 NY2d 863, *cert denied* 498 US 816; *see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91; *Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109).  Thus, "a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (*Joseph Martin, Jr., Delicatessen*, 52 NY2d at 109; *see 166 Mamaroneck Ave Corp.*, 78 NY2d at 91).  Nevertheless, the "doctrine of definiteness" should not be applied rigidly (*166 Mamaroneck Ave. Corp.*, 78 NY2d at 91; *see Cobble Hill Nursing Home*, 74 NY2d at 482-483).  "[W]here it is clear from the language of an agreement that the parties intended to be bound and there exists an objective method for supplying a missing term, the court should endeavor to hold the parties to their bargain" (*166 Mamaroneck Ave. Corp.*, 78 NY2d at 91; *see Joseph Martin, Jr., Delicatessen*, 52 NY2d at 110).

Here, although the precise location of the boundary line was missing from the stipulation, the stipulation was sufficiently definite to be enforceable because it included an "objective method" for determining whether the proposed boundary line drawn by the surveyor was satisfactory (*166 Mamaroneck Ave. Corp.*, 78 NY2d at 91; *see Samonek v Pratt*, 112 AD3d 1044, 1045).  The parties' approval of the proposed boundary line was conditioned solely on whether there was enough clearance for defendants' boat and trailer and, in opposition to the motion, defendants did not argue that 10 feet of clearance was insufficient.  Defendants' mere disagreement with the boundary line that was drawn by the surveyor was not enough to set aside the stipulation (*see Hamilton v Murphy*, 79 AD3d 1210, 1212, *lv dismissed* 16 NY3d 794, *rearg denied* 16 NY3d 885; *Doolittle v Quiggle*, 238 AD2d 949, 949).

Entered:  March 24, 2017

Frances E. Cafarell
Clerk of the Court