■ ANDREW SUCKLING, Appellant, v CHRISTINE IU et al., Respondents. CHRISTINE IU, Third-Party Plaintiff-Respondent, v 35 SPRING STREET, LLC, et al., Third-Party Defendants-Appellants. [54 NYS3d 585]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered July 18, 2016, which, to the extent appealed from, granted defendants' cross motion to compel arbitration of the eighth through tenth, thirteenth through fifteenth, and eighteenth causes of action in the amended complaint pursuant to the operating agreements governing defendants 52 Reeve LLC and 56 Edison LLC, unanimously affirmed, without costs.

The dispute resolution clause (§ 14.11) of the operating agreements for defendants 56 Edison LLC and 52 Reeve LLC provides that "the Members *shall* submit [certain] dispute[s] to an arbitration procedure" (subd [b] [emphasis added]). This unambiguous language evinces the parties' "unequivocal intent to arbitrate the relevant dispute" (*see Edelman v Poster*, 72 AD3d 182, 184 [1st Dept 2010]). The arbitration clause is no mere agreement to agree; it is "clear, explicit and unequivocal," and does not depend upon "implication or subtlety" (*see Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184 [1984]). Nor does the lack of a designated arbitration procedure render the clause unenforceable, because CPLR 7504 provides an objective method for supplying that missing term (*see Edelman*, 72 AD3d

at 185-186; *see also Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 93 [1991]).

Contrary to plaintiff's contention, by requiring the parties to engage in an arbitration process, the motion court did not render section 14.11 (c) meaningless. Defendant's failure to negotiate with plaintiff after receiving notice of the dispute did not constitute an intentional waiver of her right to enforce section 14.11 (b).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.