■ STEPHEN M. CLEMENT et al., Respondents, v MILLBROOK CENTRAL SCHOOL DISTRICT et al., Appellants. [59 NYS3d 409]—

Appeal by the defendants from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated August 14, 2015. The order, insofar as appealed from, upon denying that branch of the plaintiffs' motion which was to hold the defendants in contempt, directed the defendants to comply with an order of that court dated August 7, 2013, and granted the plaintiffs leave to renew the contempt motion if the defendants failed to comply within 90 days.

Ordered that the order dated August 14, 2015, is affirmed insofar as appealed from, with costs.

The plaintiffs are the owners of real property adjacent to property owned by the defendant Millbrook Central School District (hereinafter the School District). In 2004, the defendant Millbrook Board of Education (hereinafter the Board) entered into an agreement with the plaintiffs to permit the construction of school facilities on a portion of the District's property that was otherwise precluded by a restrictive covenant, excluding a "buffer area" extending 200 feet from the plaintiffs' property line. In May 2013, the plaintiffs commenced this action to enjoin the defendants from undertaking or continuing any construction activities within the "buffer area." Thereafter, the parties entered into a stipulation of settlement, which was incorporated into an order dated August 7, 2013. Pursuant to the stipulation, the defendants were permitted to continue construction of athletic facilities within the buffer area, in exchange for agreeing to certain restrictions on the use of the District's property outside the buffer area. The parties agreed to execute an "amended deed restriction" in accordance with the terms of the stipulation.

In June 2015, the plaintiffs moved, inter alia, to hold the de-

fendants in contempt for failing to comply with the order dated August 7, 2013. The plaintiffs alleged that the defendants "materially changed" the terms of the stipulation by adding a "cure provision" to terminate the restrictions imposed by the stipulation of settlement in the event the defendants removed the structures from the buffer area that violated the original agreement. In an order dated August 14, 2015, the Supreme Court determined that the defendants improperly attempted to "insert a term that was not negotiated, agreed upon nor part of the stipulation of settlement," but declined to hold the defendants in contempt, based on the plaintiffs' "fail[ure] to demonstrate prejudice." Thereupon, the court directed the defendants to comply with the order dated August 7, 2013, by "execut[ing] an amended deed restriction consistent with the stipulation" (excluding the cure provision), and denied that branch of the plaintiffs' motion which was to hold the defendants in contempt with leave to renew the contempt motion if the defendants failed to comply within 90 days. The defendants appeal from that portion of the order dated August 14, 2015.

"Open-court stipulations are judicially favored, and will not be set aside absent fraud, overreaching, mistake, duress, or unconscionability" (*Tarone v Tarone*, 25 AD3d 779, 780 [2006]). "Like any contract, such a stipulation will be enforced so long as it is sufficiently definite in its material terms so as to enable a court 'to determine what in fact the parties have agreed to' " (*Samonek v Pratt*, 112 AD3d 1044, 1045 [2013], quoting *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]). Here, the parties, represented by counsel, entered into a stipulation in open court, which was incorporated into the order dated August 7, 2013, and the defendants do not claim any grounds to set it aside. As the Supreme Court correctly observed, "[n]owhere was it discussed or did the parties agree that the limitations to which the school district consented . . . were contingent upon it maintaining the structures plaintiffs allowed it to build inside the buffer zone." Moreover, at the time the stipulation was entered into, the defendants " 'must have foreseen the contingency' " that they might remove the offending structures in the buffer area, which were the subject of the underlying controversy, but they did not mention the cure provision at that time (*Bethea v Thousand*, 127 AD3d 798, 799 [2015], quoting *Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). Contrary to the defendants' contention, the stipulation was "sufficiently definite," since it included a method for resolving certain outstanding issues that could not be addressed at the time of the stipulation (*Carr v Sheehan*, 148 AD3d 1618, 1619 [2017]).

Furthermore, the defendants' contention that they are entitled to a declaration that the restrictions imposed by the stipulation of settlement are invalid, and that the restrictions "should be discharged from the public record," is not properly before this Court, since the defendants did not move for such affirmative relief in this action (*see Aurora Loan Servs., LLC v Reid*, 132 AD3d 788, 788 [2015]; *E.R. Furniture Delivery, Inc. v Budget Rent A Car Sys., Inc.*, 62 AD3d 939, 940 [2009]; *Fischer v RWSP Realty, LLC*, 53 AD3d 594, 595 [2008]; *Gayz v Kirby*, 41 AD3d 782, 783 [2007]). The defendants' remaining contentions are not properly before this Court.

Accordingly, the Supreme Court did not err in directing the defendants to comply with the order dated August 7, 2013, by executing an amended deed restriction excluding the cure provision, and in granting the plaintiffs leave to renew the contempt motion if the defendants failed to comply within 90 days. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.