Appeal from an amended judgment of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered November 4, 2016. The amended judgment awarded plaintiff the sum of $452,376.22 as against defendant.
 

 It is hereby ordered that the amended judgment so appealed from is unanimously affirmed without costs.
 

 Memorandum: The parties executed an agreement that set forth the terms under which plaintiff would provide services and an exhibit enabling defendant, a manufacturer and seller of optical equipment including eyewear, to participate in industry trade shows. The agreement provided that the parties would execute Project Authorization Forms (PAFs) that would govern the scope of work for any particular project. The agreement itself would not set forth the price of a completed project; rather, the price for the work would be established in the PAFs in accordance with various categories of service listed therein. The parties executed two PAFs, which were incorporated by reference and made part of the agreement: the first authorized plaintiff to design and build an exhibit and amortized the price over three upcoming trade shows, and the second authorized various services to be provided by plaintiff for a trade show in fall 2014. Defendant attended the fall 2014 trade show with the agreed-upon services provided by plaintiff.
 

 The parties thereafter modified the agreement by an amendment, which provided that plaintiff would have the exclusive right to provide all services and deliverables for defendant’s attendance at the spring and fall trade shows in both 2015 and 2016 as set forth in corresponding PAFs, and that the construction cost of the exhibit would be amortized over those four shows, thereby representing a fixed cost per trade show. The agreement, as amended, further contained a termination provision that set forth a minimum aggregate amount that defendant was required to spend over the four trade shows, and provided that defendant’s violation of that requirement would constitute grounds for termination of the agreement. The termination provision provided for liquidated damages in the event that defendant breached the agreement, including by failing to attend the trade shows referenced in the incorporated PAFs. Although defendant attended the spring 2015 trade show in accordance with the PAFs executed for that show, defendant subsequently indicated that it would not attend the fall 2015 show, and plaintiff thereafter issued correspondence terminating the agreement in compliance with its terms and commenced this action for, inter alia, breach of contract seeking liquidated damages.
 

 In appeal No. 1, defendant appeals from an order that, among other things, granted plaintiff’s motion for partial summary judgment on defendant’s liability for breach of contract together with a partial money judgment, and denied defendant’s cross motion for partial summary judgment seeking, inter alia, a determination that the parties’ agreement was unenforceable and that the liquidated damages clause therein constituted an unenforceable penalty. In appeal No. 2, defendant appeals from a judgment awarding plaintiff damages and, in appeal No. 3, defendant appeals from an amended judgment that increased plaintiff’s damages award following the parties’ stipulation to a partial attorneys’ fee award.
 

 As a preliminary matter, we dismiss the appeal from the order in appeal No. 1 because the right to appeal from that intermediate order terminated upon the entry of the ensuing judgment challenged by defendant in appeal No. 2 (see Matter of Aho, 39 NY2d 241, 248 [1976]; Charter Sch. for Applied Tech. v Board of Educ. for City Sch. Dist. of City of Buffalo, 105 AD3d 1460, 1461 [4th Dept 2013]). In addition, the appeal from the judgment in appeal No. 2 must be dismissed inasmuch as it has been superseded by the amended judgment in appeal No. 3 (see Matter of Eric D. [appeal No. 1], 162 AD2d 1051, 1051 [4th Dept 1990]). The issues raised in appeal No. 1 concerning the order will be considered in the context of the appeal from the amended judgment in appeal No. 3 (see Charter Sch. for Applied Tech., 105 AD3d at 1461).
 

 Defendant contends that the agreement, standing alone, constitutes an unenforceable “agreement to agree” because, by its terms, it contemplated future negotiation and execution of four additional PAFs on an event-by-event basis to provide missing essential terms, thereby “le[aving] the creation of an enforceable agreement to await the execution of PAFs.” We reject that contention. “In determining whether a contract exists, the inquiry centers upon the parties’ intent to be bound, i.e., whether there was a meeting of the minds regarding the material terms of the transaction” (Henri Assoc. v Saxony Carpet Co., 249 AD2d 63, 66 [1st Dept 1998] [internal quotation marks omitted]). It is well settled that, “[i]f an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract” (Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482 [1989], rearg denied 75 NY2d 863 [1990], cert denied 498 US 816 [1990]; see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91 [1991]; Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]). “[A] mere agreement to agree, in which a material term is left for future negotiations, is unenforceable” (Joseph Martin, Jr., Delicatessen, 52 NY2d at 109; see 166 Mamaroneck Ave. Corp., 78 NY2d at 91). Nonetheless, the “doctrine of definiteness” should not be applied rigidly, and “[s]triking down a contract as indefinite and in essence meaningless ‘is at best a last resort’ ” (166 Mamaroneck Ave. Corp., 78 NY2d at 91; see Cobble Hill Nursing Home, 74 NY2d at 482-483). “Thus, where it is clear from the language of an agreement that the parties intended to be bound and there exists an objective method for supplying a missing term, the court should endeavor to hold the parties to their bargain” (166 Mamaroneck Ave. Corp., 78 NY2d at 91; see Joseph Martin, Jr., Delicatessen, 52 NY2d at 110).
 

 Here, the parties unequivocally expressed their intent to be bound by the agreement inasmuch as they agreed that plaintiff would be the exclusive provider of various services and deliver-ables for the trade shows as set forth in specifically designated PAFs, and that defendant’s failure to perform pursuant to the terms of the agreement would constitute grounds for termination of the agreement and liquidated damages. The parties further agreed in the amendment and incorporated PAFs that a total of four shows in 2015 and 2016 would have a certain fixed cost representing the construction cost for the exhibit amortized over those shows. The amendment and the incorporated PAFs, when read in conjunction with the termination provision (see Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017]), further establish that defendant was obligated to attend the four shows and spend a minimum amount on services and deliverables; otherwise, plaintiff would be entitled to liquidated damages.
 

 The agreement itself is therefore sufficient to establish a binding contract inasmuch as the parties agreed to a fixed cost for each show that defendant was required to attend and set a minimum amount that defendant was obligated to spend in aggregate over the four shows, and the parties simply left the precise scope of work and variable costs to be customized to fit each show in accordance with the service categories listed in the pre-designated PAFs. Contrary to defendant’s contention, “a contract is not necessarily lacking in all effect merely because it expresses the idea that something is left to future agreement” (May Metro. Corp. v May Oil Burner Corp., 290 NY 260, 264 [1943]) and, here, the agreement contains no expression by the parties that they did not intend to be bound until each PAF was signed (see Henri Assoc., 249 AD2d at 66; see generally Tompkins Fin. Corp. v John M. Floyd & Assoc., Inc., 144 AD3d 1252, 1253 [3d Dept 2016]). We thus conclude that the agreement, as executed by the sophisticated parties here, clearly manifests their intention to be bound, and the creation of a binding agreement is not conditioned upon the signing of each individual PAF (see Trolman v Trolman, Glaser & Lichtman, P.C., 114 AD3d 617, 618 [1st Dept 2014], lv denied 23 NY3d 905 [2014]; cf. Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, 31 AD3d 983, 985-986 [3d Dept 2006]; Uniland Partnership of Del. L.P. v Blue Cross of W. N.Y. Inc., 27 AD3d 1131, 1132-1133 [4th Dept 2006], lv denied 7 NY3d 713 [2006]; see generally Cowen & Co., LLC v Fiserv, Inc., 141 AD3d 18, 22 [1st Dept 2016]).
 

 We also reject defendant’s related contention that the agreement is unenforceable because it contemplated future negotiations and the execution of PAFs to provide missing essential terms of scope and price for each trade show, and the parties failed to identify any objective method for supplying those terms. “Before rejecting an agreement as indefinite, a court must be satisfied that the agreement cannot be rendered reasonably certain by reference to an extrinsic standard that makes its meaning clear” (Cobble Hill Nursing Home, 74 NY2d at 483). Thus, “ ‘[w]here the parties have completed their negotiations of what they regard as essential elements, and performance has begun on the good faith understanding that agreement on the unsettled matters will follow, the court will find and enforce a contract even though the parties have expressly left these other elements for future negotiation and agreement, if some objective method of determination is available, independent of either party’s mere wish or desire’ ” (Metro-Goldwyn-Mayer v Scheider, 40 NY2d 1069, 1070-1071 [1976]). “ ‘Such objective criteria may be found in the agreement itself, commercial practice or other usage and custom’ ” (id. at 1071; see Cobble Hill Nursing Home, 74 NY2d at 483; Four Seasons Hotels v Vinnik, 127 AD2d 310, 317-318 [1st Dept 1987]). Here, we conclude that the agreement itself and the parties’ prior practice as expressed in the incorporated PAFs for the two attended trade shows provide the objective criteria for determining the scope and price of the remaining work beyond the fixed costs associated with the future shows (see generally Henri Assoc., 249 AD2d at 66-67).
 

 Therefore, inasmuch as defendant does not dispute that it breached the agreement, i.e., that it failed to attend certain trade shows and utilize plaintiff’s services as required, we conclude that the court properly determined that plaintiff is entitled to partial summary judgment on the issue of defendant’s liability under the breach of contract cause of action.
 

 Contrary to defendant’s further contention, we conclude that the court properly determined that the liquidated damages clause is enforceable. Such a clause is enforceable if, at the time the agreement is made, “the amount of actual loss is incapable or difficult of precise estimation” and the stipulated amount of damages “bears a reasonable proportion to the probable loss” (Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 425 [1977]; see Great Lakes Motor Corp. v Johnson, 132 AD3d 1390, 1391 [4th Dept 2015]). Conversely, if the clause provides for damages that are “plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced” (Truck Rent-A-Ctr., 41 NY2d at 425). Whether a contractual provision “represents an enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances” (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 379 [2005]). Although defendant, as the party seeking to avoid liquidated damages, bears the ultimate burden of establishing that the clause is unenforceable (see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 536 [2014]; JMD Holding Corp., 4 NY3d at 380), plaintiff, as the party moving for summary judgment, has the burden of tendering sufficient evidence to demonstrate that its “cause of action . . . shall be established sufficiently to warrant the court as a matter of law in directing judgment” in its favor (CPLR 3212 [b]; see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see generally Collado v Jiacono, 126 AD3d 927, 928 [2d Dept 2015]).
 

 “Where, as here, the parties to the agreement were sophisticated business [entities], and the terms of the agreement were mutually negotiated, with each party represented by experienced counsel, a liquidated damages provision which is reached at arm’s length is entitled to deference” (Addressing Sys. & Prods., Inc. v Friedman, 59 AD3d 359, 360 [1st Dept 2009]; see JMD Holding Corp., 4 NY3d at 382-383). The evidence in the record, including the amended agreement, establishes that plaintiff’s damages “are sufficiently difficult to ascertain to satisfy the first requirement of a valid liquidated damages provision” (BDO Seidman v Hirshberg, 93 NY2d 382, 396 [1999]). With respect to the second requirement, we conclude that the negotiated amount of liquidated damages is not “ ‘conspicuously disproportionate to [plaintiff’s] foreseeable losses’ ” (Bates Adv. USA, Inc. v 498 Seventh, LLC, 7 NY3d 115, 120 [2006], rearg denied 7 NY3d 784 [2006]). We further conclude that defendant’s submissions are insufficient to defeat plaintiff’s motion for summary judgment (see generally Alvarez, 68 NY2d at 324). In view of our determination, we further conclude that the court properly denied defendant’s cross motion for partial summary judgment.
 

 Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.