Key v Stefanis (2018 NY Slip Op 03398)





Key v Stefanis


2018 NY Slip Op 03398


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

523782

[*1]JONATHAN KEY et al., Respondents,
v
ACHILLES K. STEFANIS, Appellant.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Achilles K. Stefanis, Ulster Park, appellant pro se.
Peter F. Matera, West Park, for respondents.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Connolly, J.), entered December 28, 2015 in Ulster County, upon a decision of the court in favor of plaintiffs.
Plaintiffs access their property in the Town of Esopus, Ulster County via a driveway that runs across the adjacent property of defendant. A dispute over plaintiffs' use of the driveway led to the commencement of this action for, among other things, a declaration that they have a right-of-way over defendant's property. The parties eventually entered into a stipulation of settlement, placed on the record in open court, in which defendant agreed to grant an easement in favor of plaintiffs over a portion of the driveway. The parties anticipated that they would be able to prepare the necessary order that "clearly delineate[d] the scope and the direction of the easement," but agreed that Supreme Court would be empowered
to issue "an appropriate order" in that regard if they could not do so.
The parties were unable to agree on a description of the easement. Supreme Court conducted a hearing on the issue and thereafter issued an order granting an easement and describing it in detail. Defendant appeals, and we now affirm.
Defendant contends that the absence of a material term in the stipulation — namely, a description of the easement — rendered it an unenforceable agreement to agree. The requirement of certainty in a contract is not a rigid one, however, and the stipulation will be enforceable if "sufficiently definite in its material terms so as to enable a court 'to determine what in fact the parties have agreed to'" (Samonek v Pratt, 112 AD3d 1044, 1045 [2013], quoting Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91 [1991]; see Carr v Sheehan, 148 AD3d 1618, 1619 [2017]). In that regard, defendant agreed to grant an easement over a [*2]"northern branch" of the driveway that ran across his property. The pertinent portion of the driveway "[w]as depicted upon" a survey map submitted into evidence at trial and, while the map did not define the scope of the driveway, the parties anticipated being able to agree on a precise description. The parties also agreed that Supreme Court would create the description if they could not. Supreme Court then conducted a colloquy with counsel for the parties to clarify their understanding of the stipulation, during which they confirmed that the easement should be described using "the extent of the current driveway." These terms authorized Supreme Court to define the easement in the event of a dispute and, by tying the easement to the driveway as it existed on a given date, supplied "an objective method" with which to do so (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d at 91; see Carr v Sheehan, 148 AD3d at 1619; Hamilton v Murphy, 79 AD3d 1210, 1212 [2010], lv dismissed 16 NY3d 794 [2011]). The stipulation was therefore an enforceable agreement between the parties.
Supreme Court conducted a hearing to discern the scope of the driveway as it existed at the time of the stipulation in May 2014. It credited the testimony of plaintiffs that the dimensions of the driveway had not changed between May 2014 and the point that their surveyor visited the property to take measurements a few months later. The surveyor then prepared a survey map that defined the bounds of the easement with precision, and that definition was adopted by Supreme Court in its order. We defer to Supreme Court's ability to view the witnesses and assess their credibility and, after doing so, perceive no reason to disturb its determination (see Chekijian v Mans, 34 AD3d 1029, 1032-1033 [2006], lv denied 8 NY3d 806 [2007]; Vipler v Pollio, 255 AD2d 786, 787-788 [1998]).
Defendant's remaining arguments, to the extent that they are properly before us, have been considered and rejected.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.