MARMAC BUILDING AND HOLDING CORPORATION, Petitioner, *v.* VASSAR GARAGE CORPORATION and Another, Defendants.

Municipal Court of the City of New York, Borough of Manhattan, Third District, December 27, 1924.

**Summary proceedings to disposses — copy of petition and verification thereof served on tenant did not contain date or signature of affiant in accordance with Civil Practice Act, § 1415 — copy of precept served on tenant did not contain signature of clerk of Municipal Court of City of New York pursuant to Civil Practice Act, § 1420 — defective petition and precept not amendable under Municipal Court Code, § 93 — petition may not embrace two separate parcels of property held under different leases — motion to dismiss proceedings granted.**

Defendant's motion to dismiss summary proceedings brought to dispossess i[t] from the petitioner's premises should be granted, since neither the copy of th[e] petition nor the verification thereof served on the defendant contained the dat[e] or the signature of the petitioner as required by section 1415 of the Civil Practic[e]

Act, and the copy of the precept served on the defendant, in accordance with section 1420 of the Civil Practice Act, failed to contain the signature of the clerk of the Municipal Court of the City of New York wherein the proceeding was brought.

The defective copy of the petition and precept, as served, cannot be amended under section 93 of the Municipal Court Code, since the provisions of the Civil Practice Act, upon which summary proceedings are predicated, require strict conformity with the statute.

Moreover, the proceeding should be dismissed on the further ground that the petition on its face embraces two separate pieces of property held by the tenant under different leases.

Motion to dismiss summary proceeding brought to dispossess the tenant from the possession of premises described in the petition submitted on the ground of non-payment of the rent provided for in the lease under which the tenant held possession and due on the 1st day of December, 1924.

*Joseph L. Young,* for the petitioner.

*Davis & Hayden* [*H. B. Davis* of counsel], for the defendant tenant, appearing specially for the purposes of this motion.

Noonan, J.:

On the return day of the precept the tenant filed a special notice of appearance and moved to dismiss the proceeding on several grounds: (1) That the court did not acquire jurisdiction of the person or of the subject-matter of the proceeding because the petition did not comply with sections 1415 and 1418 of the Civil Practice Act; (2) that the copy of the petition served upon the tenant did not contain the signature or verification of the petitioner; (3) that the copy of the precept served did not bear a copy of the signature of the clerk of the court; (4) that the petition shows two leases of different premises, and for that reason the court has no jurisdiction. On the argument of the motion counsel for the tenant submitted a copy of the petition and precept served upon the tenant. The copy of the precept is addressed to the tenant and states at the end thereof as follows: " Clerk of said court," without showing a copy of the signature of the clerk of the court. The petition submitted on the argument reads as follows: " Marmac Building & Holding Corporation, by ———— President." The copy of the petition does not contain any date. The verification of the copy petition does not contain the signature of the affiant and is also undated. It is apparent from an inspection of the copy of the precept served upon the tenant that it did not comply with the provisions of the Civil Practice Act relating to summary proceedings. Section 1415 requires that the applicant must present to the justice a written petition verified in like manner

as a verified complaint in an action describing the premises of which the possession is claimed and the interest therein of the petitioner or the person whom he represents. Section 1418 of the same act provides that the justice to whom a petition is presented must issue a precept directed to the person or persons designated in the petition as being in possession of the property and requiring him forthwith to remove from the property, describing it, or to show cause before the justice at a time and place specified in the petition why possession of the property should not be delivered to the petitioner. Section 1420 of the same act provides that in a Municipal Court of the City of New York the petition must be filed with, and the precept must be issued by, the clerk of the court. Section 1421 provides for the manner of service of the precept, and says as follows: " By delivering to the person to whom it is directed, or, if it is directed to a corporation, to an officer of the corporation upon whom a summons issued out of the Supreme Court in an action against the corporation might be served, a copy of the precept together with a copy of the petition and at the same time showing him the original precept." Upon the reading of these sections it is clear in my judgment that the petitioner must make service upon the tenant of a true and accurate copy of the petition and precept. This was not done in this proceeding. The petitioner contends that the defective copy of the petition and precept as served upon the tenant is amendable under section 93 of the New York City Municipal Court Code. It is well settled, however, that a summary proceeding is a creature of statute and that all provisions of the statute must be strictly followed to give the court jurisdiction. (*Beach* v. *McGovern*, 41 App. Div. 381; *Reich* v. *Cochran*, 201 N. Y. 450, 455.) If the defect is vital no amendment may be granted. Apart from the conviction that the provisions of the Civil Practice Act require the petitioner to comply with every provision of the statute, if such amendment were allowed, it is not difficult to understand how petitioners in these proceedings might prepare their papers in a slovenly manner. In other words, an amendment of the defects in this petition would place the seal of approval upon a careless preparation of papers which from the words of the statute require strict conformity with the provisions thereof. On this ground the petition and precept as served upon the tenant are defective and for this reason alone I am convinced that the proceeding should be dismissed. Another reason which in my opinion calls for the dismissal of the proceeding is that the petition on its face embraces two separate pieces of property held by the tenant under two different leases. There is no authority in law, as far as I know and so far as research can

show, which authorizes a petitioner to join in one proceeding an application to remove a tenant from two separate pieces of property held by the latter under different agreements of leasing   In this connection the petition states that on or about the 25th day of September, 1924, the petitioner entered into two agreements with the Vassar Garage Corporation as a tenant thereof and that by the terms of said agreements the tenant hired from the landlord certain premises therein described, and also that portion of the first two floors shown on a blueprint or of a survey made by Earl B. Lovell, dated August 23, 25, 26, 27, 1924, which is attached to said proceeding which is colored red and which is a part of all that certain lot, piece or parcel of land immediately adjoining the above-described premises on the north.   Only one conclusion can be drawn from a reading of the petition, in my opinion, and that is that the petitioner is seeking to dispossess the tenant from two separate pieces of property occupied by the tenant under two different leases.   On this ground also the petition is defective. Therefore, I am forced to the conclusion that the papers submitted in this proceeding are vitally defective, and that no amendment by the court can cure such defects, and for that reason the proceeding must be dismissed without prejudice to a new proceeding. Final order is signed in favor of the tenant dismissing the petition without prejudice to a new proceeding.