OPINION OF THE COURT
Michael D. Stallman, J.
*667 In this CPLR article 78 proceeding, petitioner seeks (1) to review and annul the determination of respondent that Jadam Equities, Ltd. overclaimed a tax abatement from 1985 through 1999, (2) to prevent and annul any and all attempts to collect the amount of that tax abatement purportedly overclaimed or any portion thereof, and (3) an award of damages in accordance with CPLR 7806.
This proceeding concerns the Senior Citizen Rent Increase Exemption (SCRIE) program, administered by the Department for the Aging of the City of New York (DFTA) in conjunction with the City’s Department of Finance (DOF). The SCRIE program grants rent increase exemption orders to eligible senior citizen tenants residing in rent-controlled and rent-stabilized apartments. In order to receive SCRIE benefits, a tenant must apply to the SCRIE program and supply the required documentation to establish eligibility. To continue to receive SCRIE benefits, a tenant must apply for renewal/ recertification and supply the requisite documentation to demonstrate continued eligibility. To compensate a landlord who is barred from collecting rent increases from a SCRIE-qualified tenant, the City grants the landlord a real property tax abatement in an amount equal to the rent increase exemption. However, there must be a valid rent increase exemption order in effect for a landlord to be entitled to claim such abatement.
Robert Lang (according to the petition, now deceased) was the rent-controlled* tenant of apartment 7B at 317 West 87th Street, New York, New York; petitioner is the owner of that building. The SCRIE program performed an audit (which concluded in March 1997) of the self-certifying tax abatement certificates claimed by petitioner with respect to Lang for the years 1985 through 1990. DFTA’s notice of abatement audit determination dated March 14, 1997 states that the owners had overclaimed tax abatements for apartment 7B in the amount of $22,263.57 during the period 1985 through 1990. The audit determination also states that if payment for those back taxes due was not received by a certain date, lien proceedings would be instituted by DOF. On April 17, 1997, petitioner filed an appeal of the audit determination. On March 12, 1999, respondent issued an opinion and order denying petitioner’s appeal and ordered the payment of $22,263.57 to DOF.
*668 DFTA’s order and opinion properly (i) found that Lang did not apply for renewal/recertification to continue his SCRIE benefits beyond 1984, (ii) affirmed the findings of the audit determination and directed petitioner to repay the overclaimed tax abatements, and (iii) denied petitioner’s administrative appeal. Based on the documentation presented to it, DFTA properly found that Lang, the tenant of the subject apartment during the relevant time period, was not an approved beneficiary of rent increase exemptions effective January 1, 1985 because the SCRIE program had no record of any renewal/ recertification applications from Lang after 1984. Petitioner did not submit any evidence that Lang had valid SCRIE orders for the years 1985 through 1990. Moreover, petitioner has admitted that it has been unable to provide the required evidence to date. Thus, there was a rational basis for DFTA’s determination and petitioner’s administrative appeal was properly denied. (See, Matter of Helhr Realty Corp. v City of N. Y. Dept. for Aging, Sup Ct, NY County, Crane, J., index No. 109674/93.)
Additionally, DFTA properly directed petitioner to repay the overclaimed tax abatement. It is well settled that when a tenant does not apply for SCRIE benefits and therefore was not issued a SCRIE order, his/her landlord is not entitled to any tax abatements for that period. Contrary to petitioner’s claim, DFTA was not required to notify petitioner of Lang’s failure to renew his SCRIE benefits. (See, Matter of Ragosta v City of N. Y. Dept. for Aging, Sup Ct, NY County, Solomon, J., index No. 100724/96.) Any argument by petitioner that Lang was theoretically still eligible to receive SCRIE benefits during the period 1985 through 1990 does not warrant setting aside the DFTA’s order and opinion. Rather, a landlord is required to take reasonable steps to determine whether a tenant has been certified as eligible for SCRIE benefits prior to claiming any tax abatements. (NIV Realty v Commissioner of City of N. Y. Dept. for Aging, Sup Ct, NY County, Tolub, J., index No. 104245/98.)
Petitioner asserts that delay in performing the audit prejudiced petitioner because it impaired its ability to recover the unclaimed rent from Lang. Petitioner’s assertion lacks merit. Petitioner could have collected the lawfully increased rent from Lang for the years 1985 through 1990 had it investigated the tenant’s SCRIE status and made appropriate, timely application. Its failure to do so was not caused by any act or omission of DFTA.
*669 Finally, petitioner’s argument regarding loches is without merit; it is well settled that recoupment of an unauthorized tax abatement is not barred by loches. (See, Matter of Helher Realty v City of N. Y. Dept. for Aging, supra.) Moreover, loches cannot be imputed to the sovereign. (Carney v Newburgh Park Motors, 84 AD2d 599.) Estoppel against a governmental agency is foreclosed in all but the rarest cases. (See, Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126.) The facts of this case do not merit such exception. Accordingly, it is adjudged that DFTA’s audit determination was not arbitrary or capricious or an abuse of discretion, and it is farther ordered and adjudged that the petition is denied and this proceeding is dismissed.

 The court notes that petitioner now appears to question whether Lang was a rent-controlled or rent-stabilized tenant even though petitioner previously certified that Lang was a rent-controlled tenant in its semiannual tax abatement certificate for rent-controlled units only, sworn to June 14, 1985.