■ In the Matter of 48 WEST 138TH LIMITED PARTNERSHIP, Appellant, v HERBERT W. STUPP, as Commissioner of the Department for the Aging of the City of New York, et al., Respondents. (And Other Actions.) [706 NYS2d 312] —Orders, Supreme Court, New York County (Harold Tompkins, J.), entered June 14, 1999 (Index Nos. 100186/99 and 100188/99), and June 11, 1999 (Index No. 100187/99), which dismissed the

petitions pursuant to CPLR article 78 to annul determinations of respondent directing petitioner to repay tax abatement overclaims, unanimously affirmed, without costs.

Respondent properly directed petitioner to repay the tax abatements overclaimed since it is undisputed that there were no valid Senior Citizen Rent Increase Exemption (SCRIE) orders for the period for which respondent seeks recoupment. A landlord is not authorized to take a tax abatement unless respondent has issued a valid SCRIE order covering the SCRIE tenant for the year as to which the abatement is sought (*see, e.g.*, *Matter of Jadam Equities v Stupp*, 182 Misc 2d 666). Respondent was not required to notify the landlord of the expiration of the tenant's benefits. "Rather, a landlord is required to take reasonable steps to determine whether a tenant has been certified as eligible for SCRIE benefits prior to claiming any tax abatements" (*supra*, at 668; *see also*, Administrative Code § 26-406 [c]; § 26-405 [m] [6]). Respondent is not estopped from recouping the tax abatement overclaims (*see*, *Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130; *Matter of Jadam Equities v Stupp, supra*).

Petitioner's constitutional claims are without merit; petitioner cannot claim any property interest in tax abatements it was not due (*cf.*, *Kraebel v New York City Dept. of Hous. Preservation & Dev.*, 959 F2d 395, 403-406, *cert denied* 506 US 917). Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.