■ MELLEN & JAYNE, INC., Appellant, v AIM PROMOTIONS, INC., et al., Respondents. [823 NYS2d 99]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Smith, J.), dated February 7, 2005, which, in effect, denied its motion for summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the cause of action to recover damages for breach of contract.

Ordered that the order is affirmed, with costs.

In July 1994 the defendants, AIM Promotions, Inc., and Renovations of Grandeur, Ltd., approached the plaintiff, Mellen & Jayne, Inc. (hereinafter M & J), with the idea of creating a high-end home decorating and renovation video and accompanying reference guide entitled "Renovations of Grandeur." The parties agreed that M & J would produce the reference guide in exchange for bartered goods and introductions to the defendants' clients and that the defendants would produce the video and market the entire package. More than four years later, in December 1998, the defendant Renovations of Grandeur, Ltd., executed a written contract, which, inter alia, provided that M & J would be reimbursed for "the past dollar amount less barter already received. from fifty (50%) of net profits of sales for said video." It is undisputed that M & J produced a 279-page reference guide but the defendants never produced the video. Therefore, there were no sales or net profits from which M & J could be paid.

In December 2000, M & J commenced the present action to recover damages in the sum of $108,010 for, inter alia, breach of contract, fraud, unjust enrichment and an account stated. In July 2001, the Supreme Court dismissed each cause of action against the defendants except the breach of contract cause of action. When M & J moved for summary judgment on the issue of liability, the defendants cross-moved for summary judgment dismissing the breach of contract cause of action insofar as asserted against them.

The Supreme Court properly granted the defendants' cross motion on the ground that the essential terms of the parties' written agreement were too uncertain and indefinite to be enforceable. The doctrine of definiteness means that a court can-

not enforce a contract unless it can determine what the parties agreed to do (see *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]). In other words, there can be no legally enforceable contract unless the written agreement is reasonably certain or specific in its material terms (see *Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482 [1989], *cert denied* 498 US 816 [1990]; *Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]). In the present case, the contract did not require the defendants to produce the video within a specific period of time and did not impose any penalty against them for the failure to produce and distribute the video. Moreover, the defendants' promise to pay M & J was contingent upon an event that never occurred. Under these circumstances, the court cannot, under the guise of interpretation, write a new contract for the parties or supply the missing terms (see *Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386 [1968]).

M & J's remaining contentions are either without merit or do not require reversal. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.