■ BPIII-548 West 164th Street LLC, Respondent, v Jose Garcia, Appellant. [943 NYS2d 483]—

Order of the Appellate Term of the Supreme Court in the First Judicial Department, entered September 2, 2010, which reversed an order of the Civil Court of the City of New York, New York County (Marcia J. Sikowitz, J.), entered December 30,

2008, granting respondent's motion for summary judgment dismissing the proceeding, and denied the motion, unanimously reversed, on the law, without costs, and the motion granted.

Petitioner brought this nonpayment proceeding in 2007, after buying the building in which respondent is a tenant, and having no knowledge of the arrangement between respondent and the previous owner. The tenant resided in apartment 6C since moving into the building in 1958. At the time of tenant's application for the senior citizen rent increase exemption program in 2001, the legal rent for apartment 6C was $388.29. Tenant's share of that rent was set at $358. The record reflects that the lease executed on March 11, 2003 between respondent and the previous owner contains a handwritten notation that respondent's share of the stated legal monthly rent of $603.92 is $358. The uncontroverted evidence, including the course of conduct of the parties to the lease, demonstrates that the intent of those parties was to cap the rent at tenant's previous legal rent share of $358 for the duration of respondent's tenancy (*see Waverly Corp. v City of New York*, 48 AD3d 261, 265 [2008]). The handwritten provision was added to the lease after respondent moved temporarily from apartment 6C to apartment 6D to permit renovations to be performed in apartment 6C. Rather than moving the tenant back to apartment 6C, the owner informed tenant that he could stay in apartment 6D for the same $358. Thereafter, while the stated legal rent increased at the beginning of every new lease term, respondent continued to pay, and the owner continued to accept, $358 per month as if the tenant were still residing in apartment 6C. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Richter, JJ. **[Prior Case History: 28 Misc 3d 140(A), 2010 NY Slip Op 51547(U).]**