■ UETA Latinamerica, Inc., et al., Appellants, v Andrew Zafir et al., Respondents. [10 NYS3d 566]—

In an action, inter alia, to recover damages for breach of

contract and unjust enrichment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 23, 2012, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging breach of contract and unjust enrichment insofar as asserted against the defendant Andrew Zafir.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging unjust enrichment insofar as asserted by the plaintiff UETA Latinamerica, Inc., against the defendant Andrew Zafir, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging breach of contract insofar as asserted against the defendant Andrew Zafir on the ground that the document upon which the plaintiffs base this claim is not an enforceable contract. The terms of the alleged agreement set forth in this document are too indefinite and uncertain to be enforceable (*see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482 [1989]; *Mellen & Jayne, Inc. v AIM Promotions, Inc.*, 33 AD3d 676, 678 [2006]). The doctrine of definiteness, well established in contract law, "means that a court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]). Accordingly, the Supreme Court properly directed the dismissal of the breach of contract cause of action insofar as asserted against Zafir (*see* CPLR 3211 [a] [1], [7]).

The Supreme Court erred, however, in directing the dismissal of the cause of action alleging unjust enrichment insofar as asserted by the plaintiff UETA Latinamerica, Inc. (hereinafter UETA), against Zafir. "[T]o recover for unjust enrichment, a plaintiff must show 'that (1) the [defendant] was enriched, (2) at [the plaintiff's] expense, and (3) that it is against equity and good conscience to permit [the defendant] to retain what is sought to be recovered' " (*W. Park Assoc., Inc. v Everest Natl. Ins. Co.*, 113 AD3d 38, 45 [2013], quoting *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]). Such quasi contract only applies in the absence of an express agreement, and is not really a contract at all, but rather an equitable

obligation imposed in order to prevent a party's unjust enrichment (see *Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790-791 [2012]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Here, the complaint alleges that Zafir received a benefit when he received luxury watches worth millions of dollars from UETA's predecessor in interest, "with the understanding and reasonable expectation that [Zafir] would pay for those goods," and that Zafir was "personally enriched by taking the millions of dollars worth of luxury watches, while failing and refusing to pay for said merchandise." Such allegations are sufficient to state a cause of action alleging unjust enrichment (see *Ashwood Capital, Inc. v OTG Mgt., Inc.*, 99 AD3d 1, 5 [2012]) for the purposes of a motion to dismiss pursuant to CPLR 3211 (a). Accordingly, we reinstate that cause of action insofar as asserted by UETA against Zafir (see *Caprer v Nussbaum*, 36 AD3d 176, 182 [2006]; *SSR II, LLC v John Hancock Life Ins. Co. [U.S.A.]*, 37 Misc 3d 1204[A], 2012 NY Slip Op 51880[U], *8 [Sup Ct, NY County 2012]). However, there is no basis to reinstate that cause of action insofar as asserted by Leon Falic against Zafir (see *Caprer v Nussbaum*, 36 AD3d at 182; *SSR II, LLC v John Hancock Life Ins. Co. [U.S.A.]*, 37 Misc 3d 1204[A], 2012 NY Slip Op 51880[U], *8 [2012]). Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.