OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs.
“The SCRIE [Senior Citizen Rent Increase Exemption] program grants rent increase exemption orders to eligible senior citizen tenants residing in rent-controlled and rent-stabilized apartments. . . . To compensate a landlord who is barred from collecting rent increases from a SCRIE-qualified tenant, the City grants the landlord a real property tax abatement in an amount equal to the rent increase exemption” (Matter of Jadam Equities v Stupp, 182 Misc 2d 666, 667 [Sup Ct, NY County 1999]).
In this nonpayment proceeding, the Civil Court framed the issue as “whether [tenant’s] SCRIE credit should be applied to the legal regulated rent or the preferential rent.” After a non-jury trial, the Civil Court found, in effect, that the parties had agreed that landlord’s SCRIE tax abatement should be applied to tenant’s preferential rent. The court further found that tenant was current on her rent payments through July 31, 2013 at the preferential rent amount minus her SCRIE credit. Accordingly, the court dismissed the petition. Landlord appeals, arguing that tenant’s SCRIE credit was properly applied to her *112 legal regulated rent, that she is therefore in arrears, and that landlord is entitled to a final judgment awarding it possession and overdue rent.
Pursuant to tenant’s initial rent-stabilized lease, the legal regulated rent was $1,575.48 and tenant was to be charged a preferential rent of $1,200. It is undisputed that, during the initial lease term, SCRIE had frozen tenant’s monthly rent at $1,251.86; landlord had received a SCRIE tax exemption that was equal to $323.62 per month to compensate it for the frozen rent (so that, from SCRIE’s perspective, landlord could earn the legal regulated rent of $1,575.48 for the apartment monthly); landlord had considered tenant’s total rent to be $1,200; tenant had made monthly payments of $876.38; landlord had credited tenant’s account each month with $323.62 based upon her SCRIE exemption; and tenant had been considered up-to-date on her rent.
The parties then entered into a renewal lease for the period September 1, 2011 to August 31, 2013, pursuant to which the legal regulated rent was $1,646.37, the preferential rent was $1,254, and tenant was “entitled to pay a reduced monthly rent in the amount of $876.38 under the New York City SCRIE program or the New York City DRIE [Disability Rent Increase Exemption] program. The reduced rent may be adjusted by orders of such program.” Also, effective September 1, 2011, tenant’s rent remained frozen by SCRIE at $1,251.86, but the SCRIE tax abatement awarded to landlord based upon tenant’s frozen rent was increased to an amount equal to $394.51 per month, in order to match the new legal regulated rent of $1,646.37. Landlord’s rent ledger shows that, during this time, landlord considered tenant’s total rent to be $1,254, tenant continued to make monthly payments of $876.38, and landlord credited tenant’s account each month with $377.62 based upon her SCRIE exemption. This reflects an increase of $54 to the SCRIE credit being applied to tenant’s account, which is the difference between the new preferential rent of $1,254 and the old preferential rent of $1,200. The ledger does not account for the remaining $16.89 of the increased tax abatement landlord was receiving as the result of tenant’s SCRIE exemption (the difference between the $394.51 abatement rate and the $377.62 shown on the ledger).
Effective February 2012, because tenant’s husband had died and her income had been drastically reduced, SCRIE decreased her frozen rent by $370.54, from $1,251.86 to $881.32. *113 Landlord’s tax abatement was increased accordingly from the prior rate of $394.51 to $765.05 per month. Landlord’s rent ledger shows that, during this time, landlord continued to consider tenant’s rent to be $1,254, and landlord continued to credit her account each month with $377.62 based upon her SCRIE exemption, which was $387.43 less than the $765.05 tax abatement actually being received by landlord based upon tenant’s SCRIE benefit. This proceeding is based upon tenant’s failure to pay the full amount of what landlord considered to be tenant’s required monthly contribution of $876.38 beginning in February 2012.
Pursuant to Real Property Tax Law § 467-b (3) (c), a SCRIE exemption shall be deducted from the chargeable legal regulated rent. Here, however, from the inception of the SCRIE exemption, landlord deducted the abatement from tenant’s preferential rent. Rent Stabilization Code (9 NYCRR) § 2522.5 (g) (1) requires any renewal lease to “be on the same terms and conditions as the expired lease.” While a preferential rent is not a “term and condition” within the meaning of that provision (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-511 [c] [14]), we hold that, once landlord decided to continue to offer a preferential rent on the renewal lease, the practice of deducting the SCRIE abatement from the preferential rent was a “term and condition” of the parties’ agreement that had to be continued (cf. Rosario v Diagonal Realty, LLC, 8 NY3d 755, 760 [2007] [holding that “a landlord’s determination to accept federal ‘Section 8’ rent subsidy payments is a ‘term and condition’ of a lease executed with a rent-stabilized tenant, within the meaning of Rent Stabilization Code (9 NYCRR) § 2522.5 (g) (1), so that a renewal lease must continue with that term and condition”]). When the abatement of $765.05 is deducted from the preferential rent of $1,254, tenant is not in arrears on her rent.
We note that, even were we not to hold that the practice of deducting the abatement from the preferential rent is a “term and condition” of the lease that must be carried over into renewal leases, we would still affirm the final judgment dismissing this petition. When the parties entered into the renewal lease at issue, even though SCRIE had frozen tenant’s rent at $1,251.86, they agreed that tenant was entitled to pay the reduced monthly rate of $876.38, which could be adjusted by orders of the SCRIE program. Consequently, the course of conduct of the parties established that their agreement was to *114 apply the SCRIE exemption to the preferential rent during the term of this renewal lease (see BPIII-548 W. 164th St. LLC v Garcia, 95 AD3d 428 [2012]; 239 Troy Ave., LLC v Langdon, 38 Misc 3d 141 [A], 2013 NY Slip Op 50221 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the final judgment is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.