Li Li, Appellant, 
against
Wan Zu Spas, Inc., Respondent.




Wang Law Office, PLLC (Chunyu Jean Wang, Esq.), for appellant.
Picerno & Associates, PLLC (Angelo R. Picerno, Esq.), for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered November 6, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the balance of a payment she had made to defendant for five facial treatments, three of which, plaintiff alleged, defendant never performed. After a nonjury trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The Civil Court properly found that plaintiff failed to prove her case by a preponderance of the evidence. Under the doctrine of definiteness, a court cannot enforce a contract unless it can determine, with reasonable certainty, the contract's material terms (see Mellen & Jayne, Inc. v AIM Promotions, Inc., 33 AD3d 676, 678 [2006]). Here, the record shows that plaintiff failed to establish the material elements of the alleged agreement and failed to prove the extent of her damages, if any (see Berley Indus. v City of New York, 45 NY2d 683, 686-687 [1978]).
As the court's determination is supported by the record and provides the parties with substantial justice (see CCA 1804, 1807), the judgment is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: June 02, 2017