Valley East Properties, LLC, Respondent,
 against
Child Care Council of Nassau, Inc., Appellant.
Meyer, Suozzi, English & Klein, P.C. (A. Thomas Levin of counsel), for appellant.
David Bolton, P.C. (David Bolton, Ira Levine of counsel), for respondent.

Appeal from a final judgment of the District Court of Nassau County, First District (Douglas J. Lerose, J.), entered November 12, 2015. The final judgment, after a nonjury trial, awarded landlord possession and the sum of $74,266.46 in a holdover summary proceeding.




ORDERED that the final judgment is modified by reducing the amount of the monetary award in favor of landlord to the sum of $11,180.08; as so modified, the final judgment is affirmed, without costs.
Landlord commenced this holdover proceeding by petition dated March 5, 2015. Tenant's long-term lease expired on February 28, 2015, and tenant vacated the premises on March 28, 2015. The petition describes the premises as "Third floor office/space in Suite 310 and Third Floor storage space, Suite 400-entire fourth floor storage space and Basement storage[,]" and alleges that tenant had defaulted and owes "total rent in arrears as of February 28, 2015" in the sum of $62,857.49 and use and occupancy for the month of March in the sum of $14,331.30. Attached to the petition is a three-page "spreadsheet," which lists charges for storage spaces, electric and air conditioning overtime use, tax escalations, and late fees for September 2013 through February 2015, totaling $62,857.49. The "spreadsheet" lists charges in similar categories for March 2015, totaling $3,151.22, and it additionally lists charges, undisputed by tenant, for use and occupancy, nonovertime electrical use, and operating expense surcharge 2003, for an additional sum of $11,180.08. Landlord also requested attorney's fees. Landlord purchased the subject premises in August 2013, assuming the October 2004 lease between tenant and landlord's predecessor.
Tenant interposed an answer, asserting, as affirmative defenses, that the premises are "inaccurately" described in the petition, particularly the space leased to tenant, and that landlord had waived and is estopped from "asserting the entitlement to charges not previously billed" to tenant. Following a nonjury trial, the District Court awarded landlord $64,261.46, which it incorrectly described as the full amount requested in the petition, plus attorney's fees of $10,000 and $5 in costs.
Storage Spaces
The lease signed by tenant, upon the expiration of which this proceeding is predicated, does not include any demise of the storage spaces for which landlord seeks to recover possession and rent, nor does the petition set forth facts showing the nature of tenant's possession of those spaces or a basis for landlord's recovery thereof. In these circumstances, neither those spaces nor the rents sought therefor were the proper subjects of this proceeding (RPAPL 741; see e.g. Giannini v Stuart, 6 AD2d 418 [1958]; Lincoln Mercury Holding Co. v Magee, 42 Misc 3d 136[A], 2014 NY Slip Op 50122[U] [App Term, 9th & 10th Jud Dists 2014] [separately possessed properties cannot be joined in a single proceeding]; Marmac Bldg. & Holding Corp. v Vassar Garage Corp., 124 Misc 226 [Mun Ct, NY County 1924] [separate pieces of property held under different agreements cannot be joined in one proceeding]).
Electric Overtime
While landlord appears to contend that "electric overtime" was provided for in the lease, there is no such provision. Paragraph 41 of the rider, which governs the provision of electricity, is silent as to charges for overtime usage. Thus, there is no basis for any award of electric overtime. 
HVAC Overtime
While paragraph 29 of the lease states that tenant will pay for air conditioning cooling and ventilation outside of "extended hours" or on weekends, it also provides that a rider will be added "in respect to rates and conditions for such additional service." No such rates or conditions are included in the rider. 
The essential terms of a written agreement must not be "too uncertain and indefinite to be enforceable" (Mellen & Jayne, Inc. v AIM Promotions, Inc., 33 AD3d 676, 677-678 [2006]). "The doctrine of definiteness, well established in contract law, 'means that a court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to' " (UETA Latinamerica, Inc. v Zafir,129 AD3d 704, 705 [2015], quoting Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.,78 NY2d 88, 91 [1991]). Here, the parties failed to provide an essential term, namely the "rates and conditions" for overtime HVAC service. As a result, no damages can be awarded for overtime HVAC use under the lease.
Tax Escalation Charge
It is undisputed that the lease provides for a tax escalation charge. However, it is also undisputed that at no time during the approximately 10½-year lease period did landlord or its predecessor invoice any charge pursuant to the tax escalation clause and at no time did tenant pay such a charge. So far as the record shows, the "spreadsheet" attached to the petition, which includes charges for every month after landlord purchased the building under the heading "tax increase payments due and not charged for," is the first time landlord or its predecessor demanded payment of the tax escalation item in writing. 
" 'Once a contract is formed, the parties may of course change their agreement by another agreement, by course of performance, or by conduct amounting to a waiver or estoppel' " (Kamco Supply Corp. v On the Right Track, LLC, 149 AD3d 275, 280 [2017], quoting CT Chems. (U.S.A.) v Vinmar Impex, 81 NY2d 174, 179 [1993]). Here, written monthly invoices and the undisputed practice of both landlord's predecessor and landlord over the course of over 10 years demonstrate the existence of an agreement to eliminate, or render inoperative, the tax escalation [*2]clause contained in the lease (see BPIII-548 W. 164 St. v Garcia, 95 AD3d 428 [2012]). " '[C]ontractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned' " (Kamco Supply Corp., 149 AD3d at 280, quoting Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]). Landlord's October 27, 2013 invoice showing a zero charge for tax escalation demonstrates both that it was aware of the lease provision and that it knowingly abandoned it.
Late Charges
As no charges for any of the above categories were due to landlord, no late charges were due.
Use and Occupancy for March 2015
The record demonstrates that tenant tendered a check to landlord for use and occupancy for March 2015, which landlord returned. In light of the foregoing discussion, tenant owed only the sum of $11,180.08 for use and occupancy and other undisputed charges for March 2015.
Attorney's Fees
Pursuant to paragraph 19 of the lease, landlord is entitled to an award of reasonable attorney's fees in the event that it prevails in a legal proceeding against tenant. Here, where landlord is not entitled to any award for any contested item, it is not the prevailing party and it is not entitled to attorney's fees (see generally DKR Mtge. Asset Trust I v Rivera, 130 AD3d 774, 776 [2015]).
Accordingly, the final judgment is modified by reducing the amount of the monetary award in favor of landlord to the sum of $11,180.08.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2018