31-36 32nd Street Astoria, LLC, Respondent,
against
Frederick . Nickell, Appellant, et al., Undertenants.




David A. Kaminsky & Associates, P.C. (Maureen Neff and David A. Kaminsky of counsel), for appellant.
Cornicello, Tendler & Baumel-Cornicello, LLP (Jay Berg of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maria Ressos, J.), dated January 4, 2017. The order, insofar as appealed from as limited by the brief, denied the branch of tenant's motion seeking summary judgment on his counterclaim for attorney's fees.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this nonpayment proceeding, tenant appeals from so much of an order as denied the branch of his motion seeking summary judgment on his counterclaim for attorney's fees under Real Property Law § 234, which motion he made after the Civil Court had granted his motion to dismiss the petition and had severed his counterclaims. 
Real Property Law § 234 allows a prevailing residential tenant to recover attorney's fees if the tenant's lease provides that the landlord may recover attorney's fees in litigation resulting from the tenant's breach of the lease. Tenant specifically relies on the attorney's fees provision in a lease that he signed in 2012 providing for a rent of $1,200 per month. However, at the time tenant signed that lease, he was the superintendent of the building and paying at most $400 per month, and it is clear from the allegations and arguments that tenant made in his answer and in moving to dismiss this proceeding, and in a previous rent overcharge proceeding before DHCR, that tenant had signed the 2012 lease only as an accommodation to the prior landlord and not because of any expectation or understanding that it would constitute a binding agreement between him and the prior landlord regarding their rights and responsibilities as landlord and tenant. Rather, the record reveals, based on the course of those parties' conduct, the existence of [*2]an agreement that was not reflected by the 2012 lease (see BPIII-548 W. 164th St. LLC v Garcia, 95 AD3d 428 [2012], revg 28 Misc 3d 140[A], 2010 NY Slip Op 51547[U] [App Term, 1st Dept 2010]; 239 Troy Ave., LLC v Langdon, 38 Misc 3d 141[A], 2013 NY Slip Op 50221[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Thus, since tenant, in effect, disavowed the enforceability of the 2012 lease, under the circumstances presented, he failed to establish, as a matter of law, that he was entitled to recover attorney's fees based on the attorney's fees clause in that lease. 
Accordingly, the order, insofar as appealed from, is affirmed. 
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 12, 2019