U.S. Bank Trust, N.A. v Clark (2019 NY Slip Op 09053)





U.S. Bank Trust, N.A. v Clark


2019 NY Slip Op 09053


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2017-00987
 (Index No. 3852/12)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Steven Clark, etc., et al., appellants, et al., defendants.


Scott William Clark, Massapequa, NY, for appellants.
Cohn & Roth, Mineola, NY (Edward C. Klein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Steven Clark and Patricia A. Clark appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 25, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2015, the plaintiff commenced this action against the defendants Steven Clark and Patricia A. Clark (hereinafter together the defendants), among others, to foreclose a mortgage on property located in Massapequa. The complaint alleged, inter alia, that the defendants defaulted on the underlying loan agreement by failing to make the payment due on June 28, 2008, and each payment due thereafter. In the complaint, the plaintiff stated that it was electing to declare the entire principal sum of the mortgage debt due and payable. In their answer to the complaint, the defendants asserted, among other things, the affirmative defense of the statute of limitations and a counterclaim alleging unjust enrichment. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion, raising arguments relating to, among other things, their statute of limitations defense and unjust enrichment counterclaim. The Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due and owing to the plaintiff. The defendants appeal.
We agree with the Supreme Court's determination that the action is not barred by the applicable statute of limitations. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Where a mortgage is payable in installments, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due, unless the mortgage debt is accelerated (see Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692, 693; Bank of N.Y. Mellon v Celestin, 164 AD3d 733, 735; Pagano v Smith, 201 AD2d 632, 633). The defendants' contention that the entire mortgage debt automatically accelerated 15 days after their default in payments is contrary to the plain language of the note and mortgage, which gave the lender the right, at its election, to accelerate the debt upon [*2]default. The defendants point to no evidence that the debt was accelerated prior to the filing of the complaint such that the statute of limitations on the entire debt began to run at some earlier date (see Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d at 693; Bank of N.Y. Mellon v Maldonado, 170 AD3d 1099, 1101; Bank of N.Y. Mellon v Celestin, 164 AD3d at 735). As the plaintiff conceded before the Supreme Court, in the event that it prevails in this action, its recovery will be limited to those amounts unpaid which accrued within the six-year period of limitations preceding its April 2015 commencement of this foreclosure action (see Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593).
Contrary to the defendants' contention, there were no triable issues of fact concerning their counterclaim alleging unjust enrichment (see generally Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182-183; UETA Latinamerica, Inc. v Zafir, 129 AD3d 704, 705-706).
The plaintiff's remaining contention is without merit.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court